M. D. DUNLAP v. RALEIGH, CHARLOTTE AND SOUTHERN RAILROAD COMPANY.

(Filed 9 December, 1914.)

1. **Independent Contractor—Dangerous Character of Work—Negligence of Contractor—Contributory Negligence.**

   A railroad company which in the construction of its roadbed makes a cut 30 feet deep across the main street of a town cannot escape liability for an injury to a pedestrian who has fallen into the cut, while passing along the street a dark, drizzly night, caused by the negligence of its contractor in not properly safeguarding a temporary narrow footbridge across it, with rails or guards or providing lights to give warning of the danger, on the ground that the work was being done by an independent contractor, for work of this character is necessarily and inherently dangerous; and it is further held that the case was properly submitted to the jury upon the issues of negligence and contributory negligence. *Watson v. R. R.*, 164 N. C., 176, and that line of cases, cited and applied.

2. **Independent Contractor—Supervision of Work—Negligence of Contractor.**

   A railroad company may not successfully defend an action to recover for an injury received by the plaintiff proximately caused by its negligence in falling into a deep cut across the main street of a town where the plaintiff was walking, on the ground that the work was being done by an independent contractor, when it appears that the work was being done under the direction of the railroad company.

APPEAL by defendants from *Adams, J.,* at July Term, 1914, of RANDOLPH.

*Hammer & Kelly for plaintiff.*

*Jerome & Price, J. T. Brittain, J. A. Spence, W. B. Rodman, and Tillett & Guthrie for defendants.*

CLARK, C. J. This action is for the recovery of damages for personal injuries sustained by plaintiff falling into a railroad cut 30 feet deep across Main Street in the town of Mount Gilead. The only point presented is the refusal of the motion for nonsuit.

There was no evidence offered for the defendants. The evidence for the plaintiff was that he was a stranger in the town; that he was ignorant of the cut across the street, which was 30 feet deep and ran completely across Main Street; that there were no lights or any kind of signals to warn travelers nor any railing to prevent passers-by from falling into the cut; that it was a very dark, drizzly night; that a small footbridge had been swung across the cut by defendants for the use of pedestrians, but that this bridge on the side where the plaintiff fell in was 5 or 6 feet out of line with the sidewalk, so that any one keeping on the sidewalk would inevitably walk into the cut, just as the plaintiff

did; that the cut was on the right of way of defendant railroad; that it had been excavated by the other defendants, Kenefick, Hoffman. & Co.; that plaintiff while walking on said sidewalk, under these circumstances, stepped off into said cut, falling 30 feet on a pile of stone, thereby breaking his jaws, fracturing his nose and skull, and totally incapacitating him for work, and that his mind has been seriously impaired as a result of his injuries.

The evidence was that the cut was on the right of way of the defendant company and that the other defendants did the excavating and bridge work under contract with the railroad company. Defendants set up the defense of independent contractors in their answers, but there was no evidence to support the plea. This work was done by contract, but under the direction of the railroad company. Besides, the defense of an independent contractor is not available where the thing contracted to be done is "necessarily attended with danger or will probably become a nuisance." *Watson v. R. R.,* 164 N. C., 176; *Denny v. Burlington,* 155 N. C., 33; *Thomas v. Lumber Co.,* 153 N. C., 351; *Davis v. Summerfield,* 133 N. C., 325.

Digging the railroad cut across the street in question was "necessarily attended with danger, however skillfully and carefully performed." *Carrick v. Power Co.,* 157 N. C., 378; *Bailey v. Winston, ib.,* 252. In the first of these two cases the plaintiff was injured by stepping into a hole 2 feet square and 4 or 5 feet deep. In *Bailey's case* the ditch was 2 feet wide and 9 feet deep. Here the railroad cut was 30 feet deep, across the main street of a town of 1,000 inhabitants, and was left unguarded and unlighted for several weeks. The railroad company could not delegate the duty of properly safeguarding this street to the contractors so as to absolve itself from liability. Kenefick, Hoffman & Co. are liable because they created the nuisance which caused the injury to the plaintiff. There had been a fence, but this had been removed by J. E. Andrews, who testified that he was working for McCabe & Steen, who were building a bridge across the chasm.

The jury found that the plaintiff was injured by the negligence of the railroad company, and also of Kenefick, Hoffman & Co., as alleged in the complaint, and that the plaintiff did not contribute by his own negligence to his injuries.

There was evidence to justify the submission of the case to the jury on these issues, and we find

No error.