J. W. WIGGINS ET ALS. v. THE HIAWASSEE VALLEY RAILWAY COMPANY.

(Filed 31 May, 1916.)

**Negligence—Blasting—Trials—Evidence—Questions for Jury.**

> Evidence in this action tending to show that a railroad company, in blasting its right of way for its road, used a charge of dynamite containing 25 pounds on the top of a large rock, 14 feet x 6 or 8 feet, where it had a gap or cavity facing the plaintiff's house, with a high place on the rim on the side opposite, and from the explosion, set off without warning, stones were thrown over plaintiff's house 100 yards away, causing the chimney and other parts in the interior of the house to fall, injuring various members of the plaintiff's family therein, is sufficient to be submitted to the jury upon the issue of defendant's actionable negligence. As to whether negligence is necessary to be shown in trespass of this character, *quære.*

ACTION tried before *Ferguson, J.,* and a jury, at November Term, 1915, of CHEROKEE.

Three actions were begun in the Superior Court of Cherokee County against the defendant; one by J. U. Wiggins and wife, Lillie Wiggins; one by Adeline Wiggins, and one by J. U. Wiggins, to recover damages alleged to have been sustained by the plaintiffs about 13 January, 1915, from blasting operations being conducted by the defendant. The first two actions were to recover for personal injuries sustained by Lillie Wiggins and Adeline Wiggins, respectively, and the third was by the husband of Lillie Wiggins, and father of Adeline Wiggins, to recover damages for loss of service, etc., resulting from the alleged injuries sustained by Lillie Wiggins and Adeline Wiggins.

The consolidated actions were tried before *Ferguson, J.,* at November Term, 1915, of Cherokee Superior Court, upon the following issues:

1. Was the defendant negligent, as alleged in the complaint? "Yes."

2. Was the plaintiff Lillie Wiggins injured by the negligence of the defendant? "Yes."

3. What damage, if any, is the plaintiff Lillie Wiggins entitled to recover? "$500."

4. Was the plaintiff Adeline Wiggins injured by the negligence of the defendant? "Yes."

5. What damage, if any, is the plaintiff Adeline Wiggins entitled to recover? "$400."

6. What damage, if any, is the plaintiff J. U. Wiggins entitled to recover? "$100."

From the judgment rendered the defendant appealed.

*Sherrill & Harwood, Dillard & Hill for plaintiffs.*
*J. D. Mallonee and Martin, Rollins & Wright for defendant.*

PER CURIAM. There is evidence tending to prove that the defendant was building a railroad near the dwelling-house of J. U. Wiggins and was blasting out rock. On the day of the injury it placed a charge of dynamite containing 25 pounds or more on the top of a large rock. Prior to that time the defendant had placed a heavy shot in behind this rock which had slid the rock down. This rock was a very large one, about 14 feet long, 6 or 8 feet high, and was broad. The rock had a sort of gap or cavity on top facing the Wiggins house, with a high place or rim on the side opposite the house. The shot complained of was placed in this depression with some mud on top of it.

Plaintiff's house was about 100 yards from the blasting operations. The force of the blast threw pieces of stone over on plaintiff's land and about his house. The wife, Lillie Wiggins, and her 13-year-old daughter were in the house. No one was sent to warn them. The force of the blast jarred the house; jarred off the door casing which had been nailed on with 8-penny nails; knocked a piece off the water shelf; damaged the chimney, jarred one chimney loose from the house; shivered the top of the big chimney; knocked a stove flue loose from the house, shook fruit jars off the shelf and broke them; jarred pictures and stove pans from the walls; broke the window sash and shivered the panes. Mrs. Wiggins was knocked down, rendered unconscious, and permanently injured. The little girl was knocked off the stairway and badly injured. The blast tore the big rock all to pieces; tore a great hole in the bank up to the top of the hill; threw rock beyond the house into the yard; and threw rock too big to handle into the bottom-land.

There are four grounds of negligence alleged in the complaints:

1. Blasting in a negligent manner in disregard of the rights and safety of the plaintiffs.

2. The use of excessively large charges of dynamite.

3. The negligent failure to take proper care against injury or damage by said blasts.

4. Failure to give proper warning before exploding the blasts alleged to have caused the injury to the plaintiff.

We are of opinion that there is abundant proof of negligence (even if proof of negligence be necessary where such a trespass is committed upon the property and rights of another) to justify the submission of the issues to the jury.

The six assignments of error relating to the admission and exclusion of evidence have received careful examination and are without merit. We find no error in those rulings of the judge which warrants us in ordering another trial. There were no prayers for instruction, and the exceptions to the charge cannot be sustained.

The instructions to the jury were full, clear, and free of error. They presented the questions at issue fairly and correctly.

No error.