EDGAR SCALES v. CITY OF WINSTON-SALEM.

(Filed 15 April, 1925.)

**Government—Municipal Corporations—Agency—Principal and Agent—Negligence—Torts—Damages.**

An incinerator operated by a city for the burning of its garbage comes within the authority conferred upon it by statute—C. S., 2787 (5), (6), 2799—and, its operation being a purely governmental function, exercised as a local agency of State government, the city is not liable for an injury caused by defects therein to an employee, in the absence of statutory provision to the contrary.

APPEAL by defendant from an order of *Schenck, J.,* overruling a demurrer to the complaint, at February Term, 1925, of FORSYTH.

The plaintiff alleged that the defendant had constructed an incinerator within its corporate limits for the purpose of burning trash and refuse collected in the city, and set forth a minute description of the furnace and the method of its operation, which it is not necessary to recite. He alleged that the defendant had negligently constructed the furnace, in the following respects: (1) It had not equipped the various doors with a screen to prevent the cinders and other contents from coming through the doors, when opened, and injuring the face and eyes of the operator; (2) it had not built the doors above the base of the grates, so as to prevent the falling of hot ashes, etc., in the face and eyes of the person in charge of the plant; (3) it had not made a proper opening to the ash-pan, so as to provide for removing the contents in that way; (4) it had not furnished the plaintiff any kind of protection for his eyes; (5) it had failed to provide adequate appliances for removing the contents of the furnace, and had negligently constructed the brick walls surrounding it; (6) it had not provided for the plaintiff a safe place in which to work. He alleged that, in consequence of the defendant's negligence, he had sustained personal injury; that his eyesight had been impaired and would probably be lost; that he had undergone physical and mental suffering and had suffered pecuniary loss.

The defendant demurred, on the ground that the construction and operation of the incinerator was a governmental function, for which a private action would not lie in favor of the plaintiff. The demurrer was overruled, and the defendant excepted and appealed.

*S. E. Edwards and Holton & Holton for plaintiff.*
*Parrish & Deal for defendant.*

ADAMS, J. Negligence cannot be imputed to the sovereign, and for this reason, in the absence of a statute, no private action for tort can

be maintained against the State. It follows that such an action will not lie against a municipal corporation for damages resulting from the exercise of governmental functions as an agency of the sovereign power. "The rule is firmly established in our law," says McQuillin, "that where the municipal corporation is performing a duty imposed upon it as the agent of the State in the exercise of strictly governmental functions, there is no liability to private action on account of injuries resulting from the wrongful acts or negligence of its officers or agents thereunder, unless made liable by statute. In other words, unless a right of action is given by statute, municipal corporations may not be held civilly liable to individuals for 'neglect to perform or negligence in performing' duties which are governmental in their nature, and including generally all duties existent or imposed upon them by law solely for the public benefit." Municipal corporations, sec. 2623; *Hill v. Charlotte,* 72 N. C., 55; *Moffitt v. Asheville,* 103 N. C., 237; *McIlhenney v. Wilmington,* 127 N. C., 146; *Peterson v. Wilmington,* 130 N. C., 76; *Fisher v. New Bern,* 140 N. C., 506; *Harrington v. Greenville,* 159 N. C., 632.

Difficulty is often encountered in drawing the distinction between these two branches of municipal activity, the one sometimes apparently impinging on the other. Without undertaking to lay down any definition which would be universal in its application, or to explain the apparent want of uniformity in some of the "border-line cases," we may say that in its public or governmental character a municipal corporation acts as an agency of the state for the better government of that portion of its people who reside within the municipality, while in its private character it exercises powers and privileges for its own corporate advantage. Its governmental powers are legislative and discretionary, and for injury resulting from a failure to exercise them, or from their negligent exercise, the municipality is exempt from liability; but it may be liable in damages for injury proximately caused by negligence in the exercise of its ministerial or absolute duties. In *Moffitt v. Asheville, supra,* Mr. Justice Avery stated the principle as follows: "When such municipal corporations are acting (within the purview of their authority) in their ministerial or corporate character in the management of property for their own benefit, or in the exercise of powers assumed voluntarily for their own advantage, they are impliedly liable for damage caused by the negligence of officers or agents, subject to their control, although they may be engaged in some work that will inure to the general benefit of the municipality. Shearman & Redfield on Neg., secs. 123 and 126; Dillon on Mun. Corp., 966 and 968; Thompson on Neg., 734; *Meares v. Wilmington,* 31 N. C., 73; *Wright v. Wilmington,* 92 N. C., 156; Wharton Law of Neg., sec. 190, 10; Myers

Federal Decisions, sec. 2327. The grading of streets, the cleansing of sewers and keeping in safe condition wharves, from which the corporation derives a profit, are corporate duties. Whitaker's Smith on Neg., 122; *Barnes v. District of Columbia,* 1 Otto, 540-557; *Treightman v. Washington,* 1 Black., 39; Wharton Neg., sec. 262.

"On the other hand, where a city or town is exercising the judicial, discretionary or legislative authority conferred by its charter, or is discharging a duty imposed solely for the benefit of the public, it incurs no liability for the negligence of its officers, though acting under color of office, unless some statute (expressly or by necessary implication) subjects the corporation to pecuniary responsibility for such negligence. *Hill v. Charlotte,* 72 N. C., 55; *S. v. Hall,* 97 N. C., 474; 2 Dillon Mun. Cor., secs. 965 and 975; *Dargan v. Mayor,* 31 Ala., 469; *Richmond v. Long,* 17 Grattan, 375; *Stewart v. New Orleans,* 9 La., 461; Wharton Neg., secs. 191 and 260; *Hill v. Boston,* 122 Mass., 344; Shearman & Redfield Neg., sec. 129."

The nonliability of a municipal corporation for injury caused by negligence in the exercise of its governmental functions may be illustrated by cases in which it is held that a city is not liable for a policeman's assault with excessive force, or for the suspension of a town ordinance indirectly resulting in damage to property, or for injury to an employee while in the service of the fire department, or for failure to pass ordinances for the public good, or for the negligent burning of trash and garbage, or for personal injury caused by the negligent operation of a truck by an employee in the service of the sanitary department of a city. *Hill v. Charlotte, supra; Moffitt v. Asheville, supra,* p. 255; *Peterson v. Wilmington, supra; Hull v. Roxboro,* 142 N. C., 453; *Harrington v. Greenville, supra; Hines v. Rocky Mount,* 162 N. C., 409; *Snider v. High Point,* 168 N. C., 608; *Howland v. Asheville,* 174 N. C., 749; *Mack v. Charlotte,* 181 N. C., 383; *James v. Charlotte,* 183 N. C., 630. See, also, 14 A. L. R., 1473, annotation, and 32 A. L. R., 988, annotation.

In applying these principles we must hold that the incinerator was built in the discharge of a governmental function. The power to maintain public works, buildings and improvements; to remove garbage, and to provide for the health, comfort and welfare of the people, is conferred by statute upon the cities and towns of the State. C. S., secs. 2787 (5, 6) and 2799. It was in pursuance of this legislation that the furnace was constructed; and, as suggested in *Snider v. High Point, supra,* the acts complained of were in the performance of duties authorized by law solely for the public benefit, governmental in character and not merely private and corporate. There was error in overruling the demurrer.

Reversed.