A. B. BENTON, ADMINISTRATOR OF WOODROW BRAFFORD, v. BOARD OF EDUCATION OF CUMBERLAND COUNTY, GREAT NATIONAL INSURANCE COMPANY, J. L. REAVES, J. E. REAVES AND W. T. REAVES.

(Filed 18 November, 1931.)

1. **States E a—Ordinarily no action sounding in tort can be maintained against the State or its political subdivisions or agencies.**

   No action sounding in tort can be maintained against the State, or, ordinarily, against any political subdivision or agency thereof exercising a governmental function in performing duties required of it by statute.

2. **Schools and School Districts H b—Action cannot be maintained against board of education for negligence in transporting pupils.**

   A county board of education is a political subdivision or agency of the State authorized by statute in specific instances to provide transportation of teachers and pupils from the county school fund for their attendance at the public schools of the county, and an action for damages for negligent injury by those thus transported may not be maintained against such board, there being no permissive statute to that effect, and where so brought a demurrer to the sufficiency of the complaint to state a cause of action will be sustained. C. S., 5410, 5428, 5489.

3. **Same—Doctrine of estoppel will not apply to prevent board of education from setting up defense that action in tort will not lie against it.**

   The doctrine of estoppel does not apply where a private person brings an unauthorized action against a county board of education founded upon the alleged negligent act of one under contract with the board to transport teachers and pupils to and from public schools of the county as authorized by C. S., 5489.

4. **Principal and Surety B c—One injured by negligence of school bus driver may not sue on bond given by him to board of education.**

   Where one under contract to transport teachers and pupils to and from a public school as authorized by C. S., 5489, has given bond with sureties payable to the board of education conditioned upon the faithful performance of the services required under the contract, *Held:* in an action by the administrator of a pupil to recover damages for a negligent injury result-

ing in death while the pupil was being thus transported, the plaintiff's intestate was not a party or privy to the contract or a beneficiary thereof, and the plaintiff's action against the sureties thereon will not lie.

**5. Pleadings D b—Action of trial court separating actions upon demurrer for misjoinder is upheld in this case.**

Where one under contract with the county board of education to drive a school bus operated in a district is sued for a negligent injury to a pupil being thus transported, and in the same action the sureties on a bond given by him to the board for the faithful performance of the contract are joined with him as defendants, the sureties are not liable to the plaintiff on the bond, and upon a demurrer for misjoinder of parties and causes an order of the trial court separating the actions and permitting the action against the driver to be proceeded with is proper.

APPEAL by plaintiff from *Midyette, J.,* at August Term, 1931, of CUMBERLAND. Affirmed.

This is an action to recover damages for the death of plaintiff's intestate, Woodrow Brafford, who at the date of his death was twelve years of age, and attending Long Hill School in Cumberland County, as a pupil in said school.

It is alleged in the complaint that the proximate cause of the death of plaintiff's intestate was the negligence of the defendants, Board of Education of Cumberland County, and J. L. Reaves, in the operation of the automobile or school bus in which plaintiff's intestate was being transported from his home to Long Hill School, at the time he suffered the injuries which resulted in his death. This school bus was provided by the defendant, Board of Education of Cumberland County, as authorized by C. S., 5489, and was operated by the defendant, J. L. Reaves, under his contract with said board, for the transportation of teachers and pupils in the Long Hill School District. At the time plaintiff's intestate suffered his fatal injuries, the school bus was over-crowded with pupils, and he was required to stand near a door of the bus. He was pushed against this door which suddenly opened because of a defective latch. Plaintiff's intestate fell through the open door to the ground and thereby suffered the injuries from which he died.

The defendant, Great National Insurance Company, had insured the defendant, Board of Education of Cumberland County, against loss by reason of liability for bodily injuries or death accidentally suffered by the operation of the school bus, in which plaintiff's intestate was riding at the time he was injured, within the limits set out in its policy. This policy was in force at the date of the death of plaintiff's intestate. The premium for said policy was paid by the defendant, Board of Education of Cumberland County, out of the school fund of said county. It is provided in said policy that the insurance provided thereby should extend to any person or persons while riding in or legally oper-

ating said school bus for the transportation of teachers and pupils in the Long Hill School District in Cumberland County.

The defendants, J. E. Reaves and W. T. Reaves, are sureties on the bond given by the defendant, J. L. Reaves, to the defendant, Board of Education of Cumberland County, in the sum of $1,000, conditioned for the faithful performance by the said J. L. Reaves of his contract with the Board of Education of Cumberland County for the operation of school buses provided in part by said board for the transportation of teachers and pupils in the Long Hill School District. The defendants, J. L. Reaves, J. E. Reaves and W. T. Reaves, are now insolvent.

It is further alleged in the complaint that by reason of the matters and things set out therein, "and more particularly their knowledge at the time of the issuance of said policy and the payment and acceptance of the premium therefor from the public school fund of the county, that the Board of Education of Cumberland County is a governmental agency or instrumentality of the State, the defendants thereby waived immunity from liability, if any existed, on such or similar grounds, and they are and ought to be in equity and good conscience forever estopped from claiming the same or setting up such or any similar defense in this action."

Each of the defendants, other than the defendant, Great National Insurance Company, demurred to the complaint on the ground, among others, that the facts stated therein are not sufficient to constitute a cause of action against said defendant.

At the hearing of the action in the Superior Court, on the several demurrers of the defendants, Board of Education of Cumberland County and J. L. Reaves, J. E. Reaves and W. T. Reaves, and on an appeal by the defendant, Great National Insurance Company, from an order of the clerk denying the petition of said defendant for the removal of the action to the Federal Court, for trial, judgment was rendered as follows:

"This cause coming on to be heard at this term of the court upon the demurrers filed by the Board of Education of Cumberland County, and by J. L. Reaves, J. E. Reaves and W. T. Reaves, and also upon the appeal by the defendant, Great National Insurance Company, from the order of the clerk of the Superior Court of this county, denying the petition of that defendant to remove the cause to the United States District Court for the Eastern District of North Carolina; and being heard, after argument of counsel on both sides;

It is considered, ordered and decreed by the court:

1. That the demurrers filed by the defendant, Board of Education of Cumberland County, and the defendants, J. E. Reaves and W. T. Reaves,

be and they are hereby sustained, and the action is dismissed as to all defendants other than J. L. Reaves.

2. That the demurrer filed by J. L. Reaves for misjoinder of parties defendant be and it is hereby sustained, and the action ordered separated as to said defendant, J. L. Reaves, with permission granted to the plaintiff to replead as to said defendant, with time to such defendant to answer.

3. That the order of the clerk of the Superior Court of this county denying the petition for removal by the defendant, Great National Insurance Company, be and the same is hereby affirmed, and said petition for removal be and it is hereby denied."

From the foregoing judgment, the plaintiff appealed to the Supreme Court.

*Dye & Clark for plaintiff.*
*Rose & Lyon for defendants.*

CONNOR, J. There was no error in the judgment in this action. No cause of action is stated in the complaint against the defendant, Board of Education of Cumberland County, or against the defendants, J. E. Reaves and W. T. Reaves.

In *Scales v. Winston-Salem,* 189 N. C., 469, 127 S. E., 543, it is said: "Negligence cannot be imputed to the sovereign, and for this reason, in the absence of statute, no private action for tort can be maintained against the State. It follows that such action will not lie against a municipal corporation for damages resulting from the exercise of governmental functions as an agency of the sovereign power." The Board of Education of Cumberland County is not a municipal corporation. It is, however, a governmental agency, created by statute, for the purpose of performing governmental functions. No action can therefore be maintained against said board to recover damages for a tort, alleged to have been committed by said board in the performance of its statutory duties.

The Constitution of this State provides that the General Assembly shall provide by taxation and otherwise for a general and uniform system of public schools wherein tuition shall be free of charge to all children of the State between the ages of six and twenty-one years; that each county shall be divided into a convenient number of districts in which one or more public schools shall be maintained at least six months in every year; and that the General Assembly may by statute require that each child of sufficient mental and physical ability shall attend a public school during the period between the ages of six and eighteen

BENTON *v.* BOARD OF EDUCATION.

years, for a term of not less than sixteen months, unless educated by other means.

The county boards of education in this State are created by statute, C. S., 5410, and are required to provide an adequate school system for the benefit of all children of their respective counties, as directed by law, C. S., 5428. Where a county board of education, as authorized by statute, C. S., 5483, has consolidated two or more school districts into one, the said board is authorized and empowered to make provision for the transportation of pupils in the consolidated district who reside too far from the schoolhouse to attend without transportation. C. S., 5489. In performing this statutory duty, the county board of education is exercising a governmental function, and is acting as an agency of the State. No action can therefore be maintained against a county board of education to recover damages for a tort alleged to have been committed by the board in the transportation of pupils to and from the school which they are required to attend or which they do attend. The principle of estoppel cannot be invoked against a county board of education, in order to hold the board liable in an action, which, in the absence of a statute, cannot be maintained against it. Both well settled principles of law and a sound public policy forbid this.

The bond on which the defendants, J. E. Reaves and W. T. Reaves, are sureties for the defendant, J. L. Reaves, is payable to the defendant, Board of Education of Cumberland County. These sureties are not liable to the plaintiff under the terms of the bond or on the principle upon which *Gorrell v. Water Supply Co.,* 124 N. C., 328, 32 S. E., 720, was decided. Plaintiff's intestate was not a party or privy to said bond, nor was he a beneficiary of the bond. Plaintiff therefore cannot recover in this action of these defendants. There was no error in the judgment sustaining their demurrer.

The action was properly dismissed as to the defendant, Board of Education of Cumberland County, and as to the defendants, J. E. Reaves and W. T. Reaves. The order directing the separation of the action against the defendant, J. L. Reaves, from the action against the defendant, Great National Insurance Company, is supported by the decision of this Court in *Clark v. Bonsal,* 157 N. C., 270, 72 S. E., 954.

Whether the defendant, Great National Insurance Company, upon the facts alleged in the complaint, is liable to the plaintiff, or may be held liable to the defendant, J. L. Reaves, under the terms of its policy, is not presented or decided on this appeal. We find no error in the judgment. It is

Affirmed.