H. S. ELLER AND WIFE, MAUDE J. ELLER, v. THE BOARD OF EDUCA-
TION OF BUNCOMBE COUNTY.

(Filed 21 September, 1955.)

**1. Schools § 4b—**

While a county board of education is a body corporate, G.S. 115-45, as
amended, and may sue and be sued in its corporate name, this fact standing
alone is not determinative as to what actions may be maintained against it.

**2. Same—**

A county board of education is immune from liability for torts of its
members or agents, except such liability as may be established under the
Tort Claims Act, G.S. 143-291, as amended, but an action against it will lie
for depreciation in the value of land contiguous to a school resulting from
the maintenance of a nuisance on the school grounds, since such action is
not in tort, but is to recover for the taking of private property for a public
use.

**3. Eminent Domain § 2—**

When private property is taken for public use just compensation must
be paid. Constitution of N. C., Art. I, sec. 17.

**4. Eminent Domain § 3—**

In order to constitute a "taking" of private property for a public purpose
within the principle of eminent domain, it is not necessary that there be an
actual seizure, but it is sufficient if the creation and maintenance of a
government project constitutes a nuisance substantially impairing the value
of private property.

**5. Schools § 4b—**

A complaint alleging that the county board of education constructed
and maintained on school property adjacent to plaintiffs' land a septic tank
so constructed and operated as to cause sewage to flow or seep onto plain-
tiffs' land and, by reason of such continuous pollution and the noxious
odors emanating therefrom, plaintiffs' spring was rendered unfit for use
and their dwelling rendered unfit for habitation, states a cause of action
against the county board of education for a taking of plaintiffs' property
to the extent of impairment of the value of plaintiffs' land.

**6. Eminent Domain § 22½ —**

G.S. 40-11, *et seq.*, are applicable only to instances where the condemnor
acquires title and right to possession of specific land, and where the value
of private property has been impaired as a result of the maintenance of a
nuisance on adjoining public property, the private owners may maintain
an action for compensation for such taking, and the contention that their
sole remedy is by petition before the clerk is untenable.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of
this case.

APPEAL by defendant from *Nettles, J.,* May Term, 1955, of BUN-
COMBE.

The hearing was on defendant's demurrer to complaint.

Plaintiffs' allegations may be summarized as follows:

1. Defendant owns land adjoining that of plaintiffs and has constructed a school building thereon.

2. Plaintiffs resided in a dwelling on their land, their water supply consisting of a natural spring located on their land. Water flowed from this spring into a branch, the branch being the dividing line between plaintiffs' land and that of defendant.

3. Incident to excavations on its property, defendant "pushed large quantities of dirt, rock and stone" into said branch, a natural drain, "thereby impeding the natural flow of the water, causing water and mud to accumulate and back up on the plaintiffs' property."

4. Defendant constructed and maintains on its property, near said dividing line, "a large septic tank, cesspool or sewage disposal device," and has dumped all sewage therein; that said device is so constructed and maintained that raw sewage and sewage water have flowed therefrom into the branch and have permeated and saturated plaintiffs' land; that such emanations and the noxious and offensive odors therefrom have contaminated the spring and rendered it unfit for use and have rendered plaintiffs' dwelling uninhabitable; and that such emanations and odors constitute a continuing nuisance and invasion of their property rights, depreciating the value of their property to the extent of $4,000.00.

5. Plaintiffs have given proper written notice to defendant of their claim, which defendant has ignored.

Defendant demurred to the complaint on the ground that it did not allege facts sufficient to constitute a cause of action, with emphasis upon the position that plaintiffs cannot sue defendant in tort.

Defendant appeals from judgment overruling demurrer.

*E. L. Loftin for plaintiffs, appellees.*
*Harry C. Martin for defendant, appellant.*

BOBBITT, J. Plaintiffs' action is to recover compensation in the amount of $4,000.00 on account of the partial taking or appropriation of their property.

Defendant, under the provisions of G.S. 115-45, amended by S.L. 1955, ch. 1372, subch. II, Art. 5, sec. 10, is a body corporate. While it may sue and be sued in its corporate name, this fact, standing alone, is not determinative as to what actions may be maintained against it. See *Kirby v. Board of Education,* 230 N.C. 619, 55 S.E. 2d 322.

Our decisions are to the effect that a county board of education has immunity from liability for torts of its members or agents (*Benton v.*

*Board of Education,* 201 N.C. 653, 161 S.E. 96; *Hansley v. Tilton,* 234 N.C. 3, 65 S.E. 2d 300; *Smith v. Hefner,* 235 N.C. 1, 68 S.E. 2d 783), except such liability as may be established under our Tort Claims Act. G.S. 143-291, as amended by S.L. 1955, chs. 400, 1102 and 1361. But our construction of the complaint, which is in accord with the statement of plaintiffs' counsel on oral argument, is that plaintiffs have neither alleged nor attempted to allege a cause of action in tort.

When private property is taken for public use, just compensation must be paid. This principle is deeply imbedded in our constitutional law. It was incorporated in the Bill of Rights of the Federal Constitution. U. S. Const., Amend. V. While the principle is not stated in express terms in the North Carolina Constitution, it is regarded as an integral part of the "law of the land" within the meaning of Art. I, sec. 17. *McKinney v. High Point,* 237 N.C. 66, 74 S.E. 2d 440.

In *Price v. Trustees,* 172 N.C. 84, 89 S.E. 1066, the distinction is drawn between liability to individuals for injuries tortiously inflicted and liability for the payment of compensation when private property is appropriated under right of eminent domain. See also, *Sandlin v. Wilmington,* 185 N.C. 257, 116 S.E. 733.

"The creation and maintenance of a government project so as to constitute a nuisance substantially impairing the value of private property, is, in a constitutional sense, a taking within the principle of eminent domain." *Raleigh v. Edwards,* 235 N.C. 671, 71 S.E. 2d 396, and cases cited. There need not be a seizure, whereby the owner is dispossessed. It is a sufficient taking to require payment of compensation if the value is substantially impaired. In such case, the compensation to be paid is based on the impairment of value caused by the injury so inflicted. *McKinney v. High Point, supra; Sandlin v. Wilmington, supra.* This is in accord with the weight of authority elsewhere. 29 C.J.S., Eminent Domain, sec. 110.

If defendant impeded the natural flow of the spring branch and caused water and mud to accumulate and back up on plaintiffs' property, as alleged, whether this constituted a taking would seem to turn on whether the value of plaintiffs' property was effectually and appreciably impaired thereby. 18 Am. Jur., Eminent Domain, sec. 134. But apart from that, if the sewage disposal device was constructed and operated so as to cause sewage to flow or seep onto plaintiffs' land and, by reason of such continuous pollution and the noxious odors emanating continuously therefrom, plaintiffs' spring was rendered unfit for use and their dwelling was rendered unfit for habitation, as alleged, such would constitute a taking to the extent of the impairment in value of plaintiffs' land caused thereby. *Sandlin v. Wilmington, supra; Clinard v. Kernersville,* 215 N.C. 745, 3 S.E. 2d 267; *Young v. Asheville,* 241 N.C. 618,

86 S.E. 2d 408; 29 C.J.S., Eminent Domain, sec. 118; 18 Am. Jur., Eminent Domain, sec. 135; Lewis, Eminent Domain, 3rd Ed., sec. 236.

Defendant further contends that plaintiffs' sole remedy is by petition before the clerk under G.S. 40-12. Defendant has not undertaken to condemn plaintiffs' property under G.S. 115-85, under G.S. 40-11 *et seq.,* or otherwise; nor has it taken possession thereof for school purposes. It does not claim plaintiffs' land. Presumably, it had no intention to "take" or pay for plaintiffs' land or any rights therein. G.S. 40-12 *et seq.,* with provisions for commissioners, appraisal, viewing the premises, etc., are applicable only to instances where the condemnor acquires title and right to possession of specific land. They have no application here.

On demurrer, the facts alleged are deemed admitted. Hence, judgment overruling demurrer is

Affirmed.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.