W. A. CANNON v. CITY OF WILMINGTON, NORTH CAROLINA, AND NORTH CAROLINA STATE HIGHWAY AND PUBLIC WORKS COMMISSION.

(Filed 12 October, 1955.)

**1. State § 3—**

The State Highway and Public Works Commission is an unincorporated governmental agency of the State and not subject to suit except in the manner expressly authorized by statute.

**2. Same: Eminent Domain § 22½—**

The rule that the owner of property, in the exercise of his constitutional right, may maintain an action against the State Highway and Public Works Commission to obtain just compensation for lands taken, does not apply to an action against it to remove a cloud on plaintiff's title based upon a mere alleged invalid claim of a right of way.

**3. Eminent Domain § 22½ : Mandamus § 2a—**

The statutory procedure for the award of just compensation to the owner of private property appropriated to public use presupposes that the owner shall know with certainty the exact limits of the appropriation made by the State Highway and Public Works Commission, and therefore if the Commission claims a right of way over plaintiff's land, plaintiff may require that it define with particularity the location and extent of the claim, and if the Commission refuses, plaintiff can invoke the remedy of *mandamus*.

**4. Municipal Corporations § 48: Quieting Title § 1—**

A municipal corporation may be sued to quiet title on the ground that it claims an alleged invalid right of way across plaintiff's land, G.S. 160-2, G.S. 41-10.

**5. Pleadings § 19c—**

If the complaint alleges facts sufficient to state one cause of action against demurring defendant, the demurrer should be overruled, and it is not necessary to decide whether the complaint is sufficient to allege also another cause of action against the defendant.

**6. Appeal and Error § 6c (2)—**

The appeal itself is an exception to the judgment and to any other matters appearing upon the face of the record.

**7. Appeal and Error § 19—**

The pleadings are part of the record proper.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Sink, Emergency Judge,* May Civil Term, 1955, of NEW HANOVER.

The complaint, summarized, alleges: (1) that plaintiff is the owner and *in possession* of a described tract of land in the subdivision known as "Sunset Park," Wilmington, North Carolina; (2) that defendants claim an estate or interest adverse to plaintiff, to wit, a perpetual right of way or easement on and over said land for a city street and State highway, but have not made or attempted to make any use of such right of way or easement except over a described area at the southern end of said tract; (3) that "the said claim of defendants is not valid either in law or in fact because neither of the defendants has, in any manner or way, obtained any valid legal or equitable title thereto, by deed, conveyance, or any process of law, or otherwise, nor have either of the defendants in any way or manner compensated the plaintiff for the said property, estate, or interest therein which they so claim"; (4) that said adverse claims constitute a cloud upon plaintiff's title and on account thereof plaintiff has been damaged in relation to his ability

to use, rent or sell his land; and (5) that "the defendants have done nothing to limit, bound, and describe their said claims."

Plaintiff prays (1) for removal of the cloud on title allegedly caused by defendants' adverse claims, (2) for recovery of damages of $70,-000.00 allegedly caused by such adverse claims, if such adverse claims are removed by judgment herein, or (3) in the event defendants' right of way claims are adjudged valid to recover $106,200.00 as compensation for the taking of plaintiff's land for such public use.

Each defendant demurred separately to the complaint.

Upon the hearing below, the court entered separate judgments sustaining the demurrers. Plaintiff appealed from each judgment; and upon appeal plaintiff assigns error as to each judgment.

*W. P. Burkhimer for plaintiff, appellant.*

*Wm. B. Campbell and Louis J. Poisson, Jr., for defendant City of Wilmington, appellee.*

*R. Brookes Peters, General Counsel, and Louis J. Poisson, Jr., Associate Counsel, for defendant North Carolina State Highway and Public Works Commission, appellee.*

BOBBITT, J.   The State Highway and Public Works Commission is an unincorporated governmental agency of the State and not subject to suit except in the manner expressly authorized by statute. *Moore v. Clark,* 235 N.C. 364, 70 S.E. 2d 182, and cases cited. Hence, the demurrer of the defendant Commission, grounded on the court's lack of jurisdiction to entertain this action against it, was properly sustained.

True, when private property is *taken* under circumstances such that no procedure provided by statute affords an applicable or adequate remedy, the owner, in the exercise of his constitutional rights, may maintain an action to obtain just compensation therefor. *Sale v. Highway Com.,* ante, 612, 89 S.E. 2d 290; *Eller v. Board of Education,* ante, 584, 89 S.E. 2d 144. But this exception to the general rule has no application here.

Here plaintiff alleges expressly, as set out above, that defendant Commission has no valid claim of right of way over plaintiff's land. Rather, plaintiff seeks to remove as a cloud on plaintiff's title defendant Commission's alleged *invalid* adverse claims.

If and when defendant Commission, in the exercise of the power of eminent domain conferred upon it by statute, G.S. 136-19 and G.S. 40-12 *et seq.,* takes plaintiff's land or any interest therein for highway purposes, plaintiff's remedy is by special proceeding as provided in G.S. 40-12.

Plaintiff declares that he is aggrieved because defendants have done nothing "to limit, bound, and describe with particularity the boundaries of their said claims." Certainly, if defendant Commission claims a right of way over plaintiff's land, plaintiff is entitled as a matter of right to require that defendant define with particularity the location and extent of its claim; and, if it refuses or fails to do so, plaintiff can invoke the remedy of *mandamus*. The statutory procedure described in G.S. 40-12 for the award of just compensation to the owner of private property appropriated to public use presupposes that the owner shall know with certainty the exact limits of the appropriation made by defendant Commission.

Defendant City of Wilmington demurred for that it appears upon the face of the complaint "that this action has been instituted to determine the taking of and the location of the highway right of way by the defendants over a portion of the area referred to in the Complaint, and that the Court has no jurisdiction of the parties with respect to the alleged cause of action and no jurisdiction of the alleged civil àction as set out in the Complaint; and for that it further appears upon the face of the Complaint that the alleged cause of action is based upon trespass by the defendants, who separately and jointly are by law vested with the power of eminent domain."

The contention of defendant City that the court lacks jurisdiction to entertain this action is without merit. The rule applicable to defendant Commission does not apply to a municipal corporation. A municipal corporation may "sue and be sued in its corporate name." G.S. 160-2.

Here plaintiff alleges that defendant City claims, without legal right thereto, a right of way on and over his land, and that such claim is a cloud on his title. The demurrer admits the facts stated in these allegations. Hence, nothing else appearing, the complaint contains allegations of fact sufficient to state a cause of action within the purview of G.S. 41-10, which provides for an action to remove a cloud from title.

Since the complaint states one cause of action against defendant City, this is sufficient ground for overruling its demurrer. *Kindley v. Privette*, 241 N.C. 140, 84 S.E. 2d 660, and cases cited. Hence, we do not discuss whether plaintiff has alleged facts sufficient to constitute a cause of action for damages against defendant City.

The motion by defendant City to dismiss the appeal under Rule 21 is denied. The appeal itself is considered an exception to the judgment and any other matters appearing upon the face of the record. The pleadings are part of the record proper. *Gibson v. Ins. Co.*, 232 N.C. 712, 62 S.E. 2d 320.

The conclusions reached are: the judgment sustaining the demurrer of the defendant Commission is affirmed; and the judgment sustaining the demurrer of the defendant City is reversed. The costs on appeal are to be paid, one-half by the plaintiff and one-half by the defendant City.

As to demurrer of defendant State Highway and Public Works Commission: Affirmed.

As to demurrer of defendant City of Wilmington: Reversed.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.