GUILFORD REALTY and INSURANCE COMPANY, PLAINTIFF v. BLYTHE BROTHERS COMPANY, A CORPORATION, AND HOWARD CONSTRUCTION COMPANY, A CORPORATION, INDIVIDUALLY AND JOINTLY, DOING BUSINESS AS BLYTHE-HOWARD COMPANIES, DEFENDANTS.

AND

J. CLARENCE COGGIN and WIFE, BETTY A. COGGIN, PLAINTIFFS v. BLYTHE BROTHERS COMPANY, A CORPORATION, AND HOWARD CONSTRUCTION COMPANY, A CORPORATION, INDIVIDUALLY AND JOINTLY, DOING BUSINESS AS BLYTHE-HOWARD COMPANIES, DEFENDANTS.

(Filed 19 July 1963.)

1. **Pleadings § 14—**

     G.S. 1-128 applies to all demurrers, written or oral, and a demurrer asserting in general terms that the complaint did not allege facts sufficient to constitute a cause of action, without specifically stating the grounds of objection, may be disregarded. G.S. 1-127(6).

2. **Appeal and Error § 7—**

     Upon demurrer *ore tenus* in the Supreme Court for failure of the complaint to state a cause of action, the Court will consider only the ground upon which the complaint is challenged in the brief.

**3. Negligence § 4;　Trespass § 1—**

Blasting operations are inherently dangerous, and persons using explosives may be held liable as for a trespass, irrespective of any question of negligence, for damage from concussion or vibration to nearby dwellings proximately caused by an explosion, even though the explosion throws no rocks or debris on the property, and the complaint in this action *is held* sufficient to state a cause of action on this ground.

**4. Pleadings § 14—**

A motion to strike all of the allegations of a further answer and defense is in effect a demurrer to the further answer and defense, and is governed by the rules applicable to demurrers generally.

**5. Pleadings § 12—**

The sufficiency of the allegations of the further answer to set up a defense may be tested by demurrer.

**6. Trespass § 1;　Municipal Corporations § 10;　Eminent Domain § 2—**

If plaintiff's dwelling is damaged as a result of concussion from the use of explosives in excavating for a sewer outfall line, the municipality is not immune from liability for such damage, even though the damage is caused in the performance of a governmental function, since it amounts to a "taking" of private property, and therefore, in an action against the city's contractor doing the excavation work, the contractor's demurrer on the ground that it was clothed with the governmental immunity of the city, is properly overruled.

**7. Municipal Corporations § 10;　Master and Servant § 20—**

A city may not escape liability for damage to nearby dwellings caused by concussion from explosions in excavating for a governmental purpose by employing an independent contractor to do the work.

**8. Eminent Domain § 1—**

The constitutional prohibition against the taking of private property for a public use without just compensation is self-executing, and when no statute provides procedure to recover compensation under the circumstances of the taking, the owner may maintain an action to obtain just compensation therefor.

**9. Municipal Corporations § 11;　Eminent Domain § 15—**

There being no allegation that defendant in the construction of a sewer line under contract with a municipality acted under the direction and supervision of the city in setting off the explosion causing damage to plaintiff's dwelling or that the work was done in strict conformity and as required by the plans and specifications of the contract with the city, the question whether the defendant may be held liable or whether only the city is liable therefor, is not presented.

APPEALS by defendants from *Crissman, J.,* February 18, 1963, Civil Session of GUILFORD, High Point Division.

Civil actions to recover for damage to real property in High Point, North Carolina.

The corporate plaintiff owns the property designated 1823 Eastchester Drive. The plaintiffs Coggin own the property designated 1829 Eastchester Drive. A dwelling house is located on each of said properties.

The complaints, answers, motions to strike, demurrers *ore tenus,* orders and appeal entries in the two actions are the same in all material respects except as to the identity of the plaintiff(s), the property involved, and the amount of damages. Hereafter, the word "plaintiff" will refer to the plaintiff(s) in each of the two actions.

Plaintiff alleged defendants, on the 9th, 10th, and 11th days of May, 1961, "undertook to excavate and construct a ditch some twenty feet deep across an easement running near and upon plaintiff's property, for the purpose of laying a sewer outfall line for The City of High Point"; that, in the course of such excavation, defendants "elected to use and did use certain explosive compounds for the purpose of dislodging portions of an extensive and deep stratum of rock which lay below the surface of the earth along the course through which said sewer outfall line was being run"; that, in excavating said ditch by the use of explosives, defendants "knowingly and unlawfully engaged in ultra-hazardous activities, in that they set off and discharged numerous explosions upon said stratum of rock in close proximity to plaintiff's said dwelling house"; that "(s)aid explosions produced violent concussions and vibrations of the earth in the vicinity thereof, and particularly in the earth around and beneath said stratum of rock, running along the course of said sewer outfall line and to and under the plaintiff's said dwelling house"; and that, as a direct and proximate result of defendants' "said unlawful conduct and actions," plaintiff's dwelling house and property were shaken and jarred by said concussions and vibrations of the earth and greatly damaged in the manner and to the extent specifically alleged.

Answering, defendants alleged, *inter alia,* that they, on or about January 17, 1961, entered into a contract with the City of High Point (city) for the construction of a sewer system in accordance with plans and specifications adopted by the city prior to its call for bids; that plaintiff voluntarily executed and delivered to the city a right of way deed; that defendants, during May, 1961, were engaged in the performance of said contract; that it was necessary for defendants to use explosives; that the explosives were used for the necessary purposes of the city as provided in said contract; that "the explosives were at all times used in accordance with the obligations imposed by law and

by the agreement between these defendants and the City of High Point and between the plaintiff and the City of High Point"; that the city, in entering into said contract with defendants, "provided responsible means for the performance of its governmental function"; and that "the defendants in the performance of the terms and provisions of the contract including the specific performance relating to the area over the right-of-way granted to the City of High Point by the plaintiff properly, carefully and legally performed the duties imposed upon them which constituted an exercise of the governmental function for and by the City of High Point."

Plaintiff moved to strike from the answer a portion of Article VII, a portion of Article VIII, and all of the further answer and defense. These portions of the answer contained the allegations summarized in the preceding paragraph. At the hearing on plaintiff's motion to strike, defendants demurred *ore tenus* to the complaint on the ground it did not state facts sufficient to constitute a cause of action.

The order entered by Judge Crissman "allowed in all respects" plaintiff's motion to strike and overruled defendants' demurrer *ore tenus*. Defendants excepted and appealed from the portion of the order allowing plaintiff's motion to strike. Defendants excepted to the portion of the order overruling their demurrer *ore tenus* and this Court granted *certiorari* for review of this ruling.

*Haworth, Riggs, Kuhn & Haworth and Schoch & Schoch for plaintiff appellees.*
*Sapp & Sapp for defendant appellants.*

BOBBITT, J.   This appeal presents two questions: 1. Does the complaint state facts sufficient to constitute a cause of action? 2. *If so*, do the facts alleged in the challenged portions of the answer constitute a defense to plaintiff's alleged cause of action?

Defendants, in their demurrer *ore tenus*, asserted in general terms that the complaint did not allege facts sufficient to constitute a cause of action. G.S. 1-127 (6). They did not, so far as the record shows, "distinctly specify the grounds of objection to the complaint" and their demurrer "might well have been disregarded" by the court below. *Griffin v. Bank*, 205 N.C. 253, 171 S.E. 71. G.S. 1-128 applies to all demurrers, written or oral. *Seawell v. Cole*, 194 N.C. 546, 140 S.E. 85; *Adams v. College*, 247 N.C. 648, 654, 101 S.E. 2d 809. The court below did not disregard but overruled defendants' demurrer *ore tenus*. This Court granted *certiorari* to review this ruling. Consideration of defendants' demurrer *ore tenus* in this Court is limited to the ground

on which the complaint is now challenged as insufficient by defendants' brief, namely, plaintiff's failure to allege that negligence on the part of defendants proximately caused plaintiff's damage.

In testing the sufficiency of the complaint, factual allegations deemed admitted by the demurrer *ore tenus* include the following: In order to dislodge portions of an extensive and deep stratum of rock, defendants elected to use certain explosive compounds and set off numerous explosions upon said stratum of rock *in close proximity* to plaintiff's dwelling house. These explosions produced violent concussions and vibrations of the earth around and beneath said stratum of rock. The said stratum of rock extended to and under plaintiff's dwelling house. The concussions and vibrations greatly damaged plaintiff's dwelling house and property.

The question is whether defendants, upon the facts alleged, would be liable for concussion and vibration damage to plaintiff's dwelling house and property proximately caused by their use of explosives in blasting.

It appears that in the prior decisions of this Court involving personal injuries or property damage caused by blasting (with the exception noted below) the plaintiff's action was based on negligence. This was true in *Wiggins v. R.R.*, 171 N.C. 773, 89 S.E. 18, where this Court, in a *per curiam* opinion, said: "We are of opinion that there is abundant proof of negligence (even if proof of negligence be necessary where such a trespass is committed upon the property and rights of another) to justify submission of the issues to the jury." In *Cobb v. R.R.*, 172 N.C. 58, 89 S.E. 807, the plaintiff's action was grounded on trespass rather than on negligence. This Court upheld an order continuing the restraining order to the final hearing. The decision was predicated upon the proposition that the invasion of the plaintiff's property by casting rocks and debris thereon by blasting constituted a trespass and the defendant was responsible for the damage caused thereby. Later, after trial, in *Cobb v. R.R.*, 175 N.C. 130, 95 S.E. 92, *the plaintiff* appealed from a judgment based on a verdict that he had been damaged "by the trespasses of the defendants, as alleged" but that such trespasses were not committed "wantonly and willfully." In *Asheville Const. Co. v. Southern Ry. Co.*, 4 Cir., 19 F. 2d 32, Circuit Judge Parker said: "There can be no doubt, we think, that where one, in the carrying on of blasting operations, throws rock or debris on the property of another, he is liable for the damage done, on the principle that he is guilty of trespass, and quite irrespective of the question of his negligence."

"Blasting is considered intrinsically dangerous; it is an ultra-hazardous activity, at least in populated surroundings, or in the vicinity of dwelling places or places of business, since it requires the use of high explosives and since it is impossible to predict with certainty the extent or severity of its consequences." 35 C.J.S., Explosives § 8(a).

"The decided weight of authority supports the view that where one explodes blasts on his own land and thereby throws rock, earth, or debris on the premises of his neighbor, he commits a trespass and is answerable for the damage caused, irrespective of whether the blasting is negligently done." 22 Am. Jur., Explosions and Explosives § 53.

In *Wallace v. A. H. Guion & Company* (S.C.), 117 S.E. 2d 359, the complaint alleged concussion and vibration damage to the plaintiff's residence caused by the use of explosives by the defendant while engaged in excavating a ditch for a sewer line. The Supreme Court of South Carolina held the complaint was not demurrable on account of the plaintiff's failure to allege negligence. We quote the following from the opinion of Chief Justice Stukes:

"2. Harper and James, Torts, 812 et seq., sec. 14.6, contains excellent review of the authorities. The authors advocate the general rule which we follow. We quote briefly from their conclusion: 'Blasting operations are dangerous and must pay their own way. . . .The principle of strict or absolute liability for extrahazardous activity thus is the only sound rationalization.'

"This majority rule of liability without allegation and proof of negligence has been adopted by the American Law Institute, Restatement of Torts, Vol. III, sec. 519, in which it is said in sec. 520, at page 44, 'Blasting is ultrahazardous because high explosives are used and it is impossible to predict with certainty the extent or severity of its consequences.' We think that is the better reasoned rule and, supported as it is by the majority of the courts, we follow it. This requires affirmance of the order under appeal."

"There is a conflict of authority as to whether one who, by blasting with powerful explosives, produces severe concussions or vibrations in surrounding earth and air and so materially damages buildings belonging to others is liable, irrespective of negligence on his part. According to one theory, since recovery is permitted for damage done by stones or dirt thrown upon one's premises by the force of an explosion upon adjoining premises, there is no valid reason why recovery should not be permitted for damage resulting to the same property from a concussion or vibration sent through the earth or the

air by the same explosion. There is really as much a physical invasion of the property in one case as there is in the other; and the fact that the explosion causes stones or other debris to be thrown upon the land in one case, and in the other only operates by vibrations or concussions through the earth and air, is held to be immaterial." 22 Am. Jur., Explosions and Explosives § 54. It is stated in 35 C.J.S., Explosives § 8(a) that this is the rule "more generally adopted." See Annotation: "Liability for property damage by concussion from blasting," 20 A.L.R. 2d 1372, 1375 *et seq.*

In *Exner v. Sherman Power Const. Co.*, 2 Cir., 54 F. 2d 510, 80 A.L.R. 686, in which the rule of absolute liability is held applicable to concussion and vibration damage as well as to damage caused by actual trespass, Circuit Judge Augustus N. Hand said: "It is true that some courts have distinguished between liability for a common-law trespass, occasioned by blasting, which projects rocks or debris upon the property or the person of the plaintiff, and liability for so-called consequential damages arising from concussion, and have denied liability for the latter where the blasting itself was conducted at a lawful time and place and with due care. (Citations) Yet in every practical sense there can be no difference between a blasting which projects rocks in such a way as to injure persons or property and a blasting which, by creating a sudden vacuum, shatters buildings or knocks down people. In each case, a force is applied by means of an element likely to do serious damage if it explodes. The distinction is based on historical differences between the actions of trespass and case and, in our opinion, is without logical basis." Judge Hand then cites numerous decisions in which the distinction was rejected. The distinction is also rejected in Prosser on Torts, 2nd Ed., § 59, p. 336.

For a valuable discussion, with citations in accord with the majority rule of absolute liability and others in accord with the minority rule, see Comment Note by John Bryan Whitley appearing in Volume 40, page 640, of the North Carolina Law Review. In addition to *Wallace v. A. H. Guion & Company, supra,* recent decisions adopting the majority rule include *Whitney v. Ralph Myers Contracting Corporation* (W. Va.), 118 S.E. 2d 622, and *Enos Coal Mining Company v. Schuchart* (Ind.), 188 N.E. 2d 406.

In accord with the majority rule, which we adopt, defendants, upon the facts alleged *in the complaint,* and nothing else appearing, would be liable for concussion and vibration damage to plaintiff's dwelling and property proximately caused by their use of explosives in blasting. It may be inferred from plaintiff's factual allegations that *the blasting* was within "an easement running near and upon plaintiff's

property." Plaintiff alleged that the explosions were upon an extensive and deep stratum of rock "in close proximity to plaintiff's said dwelling house." It is noted: While plaintiff alleged that defendants "were engaged in a joint venture for the construction of an outfall sewer line *for* The City of High Point," (Our italics) the complaint contains no allegation as to the contractual relationship subsisting between defendants and the City of High Point or with reference to whether defendants acted in compliance with such contract, if any, as may have subsisted between defendants and the City of High Point. Under these circumstances, we are constrained to hold that defendants' demurrer *ore tenus* was properly overruled.

The next question for consideration is whether the facts alleged in the challenged portions of the answer constitute a defense to the cause of action alleged by plaintiff.

Plaintiff's motion to strike is addressed to defendants' further answer and defense and, in substance, if not in form, is a demurrer. (The challenged allegations in Article VII and in Article VIII relate solely to matters pertaining to defendants' further answer and defense and will be considered as if a part thereof.) The court, in effect, sustained a demurrer to defendants' further answer and defense.

The rules applicable when the sufficiency of a pleading is challenged by a demurrer apply in determining the sufficiency of defendants' further answer and defense. *Jewell v. Price,* 259 N.C. 345, 348, 130 S.E. 2d 668, and cases cited; Strong, N. C. Index, Vol. 3, Pleadings § 12.

Defendants' factual allegations, deemed admitted by plaintiff's motion to strike, include the following: Defendants were engaged in construction of a sewerage system for the City of High Point in accordance with plans and specifications prescribed by the City of High Point and set forth in their contract with the City of High Point. It was necessary to use explosives and explosives were used for the necessary purposes of the city as provided in said contract.

Power "to acquire, provide, construct, establish, maintain and operate a system of sewerage for the city" is conferred upon municipal corporations by G.S. 160-239. Power to acquire by condemnation, as provided by G.S. 40-11 *et seq.,* "any land, right of way, water right, privilege, or easement," necessary to establish such sewerage system, G.S. 160-204, is conferred by G.S. 160-205.

Defendants contend the City of High Point was engaged in the performance of a governmental function and that "plaintiffs have not alleged that defendants have done more than High Point could do with immunity." Plaintiff contends (1) that the City of High Point is

not immune from liability for plaintiff's damage, and (2) that the immunity, if any, of the City of High Point affords no protection to defendants.

There is a conflict of authority in other jurisdictions as to whether a municipal corporation is performing a governmental function when engaged in the *construction* of a sewerage system. 63 C.J.S., Municipal Corporations § 1049; 38 Am. Jur., Municipal Corporations § 585; McQuillin on Municipal Corporations, 3rd Edition, Vol. 18, § 53.125, and cases cited. No decision of this Court determinative of the precise question has come to our attention. A determination of the question is not necessary to disposition of this appeal; and, in view of defendants' meager factual allegations, further discussion of the question is deemed inappropriate.

Is the City of High Point immune from liability on account of the damage to plaintiff's dwelling house and property?

While defendants alleged they contracted to construct the sewerage system for the City of High Point in accordance with plans and specifications prescribed by the City of High Point and set forth in the contract, they did not attach a copy of the contract to their pleading and did not, except as indicated herein, allege the terms of the contract. In short, defendants' pleading does not disclose whether, under the subsisting contractual relationship, defendants were agents or independent contractors. Be that as it may, the use of explosives in blasting under the circumstances alleged by plaintiff must be considered inherently or intrinsically dangerous; and the City of High Point, if liable for the damage if caused by its agents, could not evade liability by employing an independent contractor to do the work. 57 C.J.S., Master and Servant § 590; 35 C.J.S., Explosives § 8(e); 22 Am. Jur., Explosions and Explosives § 57; McQuillin on Municipal Corporations, 3rd Edition, Vol. 18, § 53.76(3); *Arthur v. Henry,* 157 N.C. 393, 73 S.E. 206; *Dunlap v. R.R.,* 167 N.C. 669, 670, 83 S.E. 703, and cases cited; *Embler v. Lumber Company,* 167 N.C. 457, 83 S.E. 740.

"It is well recognized with us that unless a right of action is given by statute, municipal corporations may not be held civilly liable to individuals for 'neglect to perform or negligence in performing duties which are governmental in their nature' and including generally all duties existent or imposed upon them by law solely for the public benefit." Hoke, J. (later C.J.), in *Harrington v. Greenville,* 159 N.C. 632, 75 S.E. 849. Prior decisions of this Court in which this legal principle has been applied are cited in *Rhyne v. Mount Holly,* 251 N.C. 521, 526, 112 S.E. 2d 40.

Plaintiff did not allege defendants were negligent in any respect. Indeed, they expressly disavow any intent to try the action on any theory of negligence. Defendants allege expressly that they exercised due care while performing their obligations under and in accordance with their contract with the City of High Point.

Conceding, without deciding, that the City of High Point would not be liable for personal injuries proximately caused by its agent or by an independent contractor when engaged in the performance of a governmental function, the factual situation now under consideration calls for the application of different legal principles.

It is settled law in this jurisdiction that municipalites, even though engaged in the performance of a governmental function, cannot establish and maintain a nuisance, causing appreciable damage to the property of a private owner, without incurring liability for such damage. "To the extent of the damage done to such property, it is regarded and dealt with as a taking or appropriation of the property, and it is well understood that such an interference with the rights of ownership may not be made or authorized except on compensation first made pursuant to the law of the land." *Hines v. Rocky Mount,* 162 N.C. 409, 78 S.E. 510; *Raleigh v. Edwards,* 235 N.C. 671, 71 S.E. 2d 396; *McKinney v. High Point,* 237 N.C. 66, 74 S.E. 2d 440; *McKinney v. High Point,* 239 N.C. 232, 79 S.E. 2d 730; *Young v. Asheville,* 241 N.C. 618, 86 S.E. 2d 408, and cases cited; *Spaugh v. Winston-Salem,* 249 N.C. 194, 105 S.E. 2d 610; *Rhyne v. Mount Holly, supra,* and cases cited.

It is fundamental law that when private property is taken for a public use or purpose, just compensation must be paid. *Eller v. Board of Education,* 242 N.C. 584, 89 S.E. 2d 144, and cases cited. "A constitutional prohibition against taking or damaging private property for public use without just compensation is self-executing, and neither requires any law for its enforcement, nor is susceptible of impairment by legislation." *Sale v. Highway Commission,* 242 N.C. 612, 617, 89 S.E. 2d 290. ". . . the owner, in the exercise of his constitutional rights, may maintain an action to obtain just compensation therefor." *Cannon v. Wilmington,* 242 N.C. 711, 89 S.E. 2d 595; *Eller v. Board of Education, supra; Sale v. Highway Commission, supra.* When private property is *taken* under circumstances such that no procedure provided by statute affords an applicable or adequate remedy, the owner, in the exercise of his constitutional rights, may maintain an action to obtain just compensation therefor. *Eller v. Board of Education, supra; Sale v. Highway Commission, supra.*

The test of liability is whether, notwithstanding its acts are governmental in nature and for a lawful public purpose, the municipality's acts amount to a partial taking of private property. If so, just compensation must be paid.

While the blasting causing the alleged damage occurred only on the 9th, 10th, and 11th days of May, 1961, the alleged damage to plaintiff's property was permanent in character and substantially impaired its value. In this factual situation, we perceive no sound reason why the alleged damage to and impairment in value of plaintiff's property should not be considered a partial taking or appropriation of plaintiff's property for which the City of High Point would be legally obligated to pay just compensation.

For present purposes, whether plaintiff's remedy against the City of High Point would be by a special proceeding in accordance with G.S. 40-11 *et seq.*, or by civil action is immaterial. The crucial point is that the City of High Point is not immune from liability for the damage to plaintiff's property.

Having reached the conclusion that, under the facts alleged, the City of High Point is *not* immune from liability for the damage to plaintiff's property, the question as to whether the immunity of the City of High Point, if it were immune, would extend to and protect defendants, does not arise. The appeal calls for consideration and application of different legal principles.

There is authority for the proposition that "(a) contractor or agent lawfully acting on behalf of a principal to whom the right of eminent domain has been accorded, in making a proposed public improvement, cannot be held personally liable for damages if such improvement is made without negligence on his part." *Tidewater Const. Corp. v. Manly* (Va.), 75 S.E. 2d 500; *Valley Forge Gardens v. James D. Morrissey, Inc.* (Pa.), 123 A. 2d 888, and cases cited.

While not necessary to decision of the precise question then presented, this Court in opinion by Ervin, J., in *Moore v. Clark*, 235 N.C. 364, 70 S.E. 2d 182, said: "A contractor who is employed by the State Highway and Public Works Commission to do work incidental to the construction or maintenance of a public highway and who performs such work with proper care and skill cannot be held liable to an owner for damages resulting to property from the performance of the work. The injury to the property in such a case constitutes a taking of the property for public use for highway purposes, and the only remedy available to the owner is a special proceeding against the State Highway and Public Works Commission under G.S. 136-19 to recover compensation for the property taken or damaged. (Citations) But if

the contractor employed by the State Highway and Public Works Commission performs his work in a negligent manner and thereby proximately injures the property of another, he is personally liable to the owner therefor. (Citations)" It is noted that *Moore v. Clark, supra,* was decided prior to our decisions in *Eller v. Board of Education, supra; Sale v. Highway Commission, supra;* and *Rhyne v. Mount Holly, supra.*

There is authority *contra*: *Berg v. Reaction Motors Div.* (N.J.), 181 A. 2d 487; *Whitney v. Ralph Myers Contracting Corporation, supra; Scranton v. L. G. De Felice & Son* (Conn.), 79 A. 2d 600.

This Court, upon the meager factual allegations in defendants' pleading, deems it inappropriate to state or approve a general rule with reference to the matters referred to in the preceding paragraphs.

Defendants alleged plaintiff granted (voluntarily) to the City of High Point a right of way but did not disclose the terms and provisions of the agreement. As indicated above, defendants did not allege verbatim or in substance the terms of the contract between defendants and the City of High Point. What were the plans and specifications? Did the contract contain provisions bearing upon the circumstances under which blasting was required or permitted? There are no allegations that the blasting by defendants was done under the supervision and direction of the City of High Point. It is noteworthy that in *Moore v. Clark, supra,* it was alleged that the road and drainage contractors "performed the work in strict conformity with the plans of the State Highway and Public Works Commission and *under the direction of its highway engineers.*" (Our italics)

We do not decide that defendants have no defense of the nature of that they attempt to allege, principally in terms of legal conclusions, in their pleading. Our decision is simply that *the facts* alleged by defendants are insufficient to constitute a defense to the cause of action alleged by plaintiff. On this ground, the judgment sustaining plaintiff's motion to strike is affirmed. Defendants may, if so advised, move for leave to amend.

For the reasons stated, the order of the court below is affirmed.

Affirmed.