BURT *v.* HENDERSON.

Opinion delivered March 20, 1922.

1. PLEADING—ANSWER INURING TO BENEFIT OF CO-DEFENDANT.—Defenses interposed by one defendant common to both defendants inure to the benefit of a co-defendant who did not answer or appear.

2. EMINENT DOMAIN—LIABILITY OF CONTRACTOR.—In condemnation proceedings contractors are exempt from liability on account of damages growing out of the appropriation of land for public purposes, except for injury resulting to the land on account of negligent or unskillful work.

3. DAMAGES—EXEMPLARY DAMAGES.—Punitive damages are not recoverable where no actual damages are sustained.

Appeal from Monroe Circuit Court, *George W. Clark,* Judge; reversed.

*Bogle & Sharp* and *Emerson, Donham & Shepherd,* for appellant.

*Hughes & Hughes,* for appellees.

HUMPHREYS, J. This is an appeal from judgments rendered against appellant in the Monroe Circuit Court in suits instituted by R. H. Henderson and Katie C. Henderson separately against appellant and Richland Township Road Improvement District jointly, and consolidated for trial. Although served with process, appellant did not plead or appear, and the trial resulted in two judgments being rendered against him, one in favor of R. R. Henderson for $2,400 actual damages, and one in favor of Katie C. Henderson for $600 punitive damages. The purpose of the suits was to recover actual and punitive damages by each appellee against appellant for tearing down a fence, entering upon and removing dirt

from certain lands within the road district to construct a road along the east boundary line thereof. The gist of the allegations contained in the complaints and amendments thereto was that the Richland Township Road Improvement District, created by act 219 of the General Assembly at its extraordinary session of 1920, through its duly appointed, qualified and acting commissioners, entered into a contract with the appellant, J. A. Burt, to construct the road authorized by said act; that, by and with the consent of said road district, said contractor, his agents, servants and employees, without authority from appellees, tore down a string of appellee's fence 500 feet in length and excavated 1,200 yards of dirt for the purpose of constructing said road, leaving a pit approximately 23 feet wide, 600 feet long, and 3 feet deep, for which there was no outlet; that as a result water stands in the excavation the entire year, and on account of the nearness of the pond to the residence on the land the health of those who attempted to live there was impaired; that on account of the unlawful, wilful and malicious manner in which appellants trespassed upon said lands each of the appellees suffered actual damages in the sum of $2,400 and punitive damages in the sum of $600.

Answers were filed to the complaints and amendments thereto by the Richland Township Road Improvement District, admitting its creation under special act of the extraordinary session of the Legislature of 1920, and alleging that the removal of the fence and widening of the road was done under authority of an order of the county court of Monroe County; that appellant J. A. Burt was employed by the district to construct the road, and that the acts complained of were not done wantonly, unlawfully or maliciously; that the land upon which the excavation was made was low and not in cultivation; that no damage resulted to appellee on account of the acts complained of.

Answers were not filed by appellant J. A. Burt. The causes were continued as to Richland Township Road Improvement District, and the judgments complained of were rendered against appellant J. A. Burt by default, a jury having first been sworn for the sole purpose of ascertaining and assessing the damages.

The question presented on this appeal is whether the court erred in rendering judgments under the state of the pleadings. The judgments by default were rendered against appellant because he failed to plead or appear. Appellant's co-defendant, who was sued jointly with him, filed answers to the complaints and amendments thereto. The complaints and amendments, as well as the answers, disclosed that appellant removed the fence inclosing the land in question and excavated a large quantity of dirt for the construction of a road along the east boundary of said land as the agent of the road district created by special act of the Legislature. The answers of the road district, when read as a whole, in effect, assume the responsibility for all acts of appellant in entering upon and removing the dirt from the lands in question. It alleged in its answers that the fence was taken down under an order of the county court of Monroe County for widening the road; that the dirt was removed from the land for the purpose of constructing the road authorized by the act creating the district, and denied that the fence was torn down or the dirt removed by said district, its agents or servants, maliciously, wantonly or unlawfully, as alleged in the complaints. It also alleged that the lands were low, uncultivated, and not damaged by the removal of the dirt. The defenses interposed by the district were, in most part, common defenses for both appellant and the district. Defenses interposed by a co-defendant common to both inure to the benefit of the defendant who does not answer or appear. *Fletcher* v. *Bank of Lonoke,* 71 Ark. 1; *Lowe* v. *Walker,* 77 Ark. 103; *Carpenter* v. *Ingram,* 77 Ark. 299; *Gunnells* v. *Latta,* 86

Ark. 304. It was error therefore, under the doctrine announced in the cases cited, to render judgments by default against appellant.

Again, in condemnation proceedings contractors are exempt from liability on account of damages growing out of the appropriation of lands for public purposes, except for injury resulting to the landowner on account of negligent or unskilful work. *Wood* v. *Drainage District No. 2,* 110 Ark. 416; *Timothy J. Foohey Dredging Co.* v. *Mabin,* 118 Ark. 1; *Mitchell* v. *Hahn,* 131 Ark. 286. The complaints in the instant case failed to charge any injury resulting from unskilful and negligent work of appellant, who was the contractor, in entering upon and removing the dirt from the premises.

Again, the judgment rendered in favor of Mrs. Katie C. Henderson in the sum of $600 for punitive damages is clearly erroneous, for in no event can punitive damages be assessed where actual damages are not sustained.

The judgments having been rendered without justification in the law, they are reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.