**SVRCEK v. HAHN, County Judge, et al.**

No. 10318.

Court of Civil Appeals of Texas. Galveston.

Feb. 18, 1937.

Rehearing Denied April 12, 1937.

G. H. Miller, of Columbus, and Edw. H. Moss and Moss & Moss, all of La Grange, for appellant.

T. W. Grobe, of Houston, and C. R. Grobe and Jos. V. Frnka, both of Columbus, for appellee Kickler.

Otto P. Moore, City Atty., and E. R. Spencer, both of Columbus, for appellees County Judge et al.

GRAVES, Justice.

This statement—thought not only to be correct as to what the nature and disposition of the cause was below, but to also properly forecast the basis upon which it should be determined upon the appeal—is taken from the appellees' brief:

"R. A. Svrcek, appellant, filed this suit for an injunction against the County Judge and Commissioners of Colorado County, and against Henry Kickler, as defendants, to prevent the defendants from gravelling a road that ran through his farm. The parties will be referred to herein as 'plaintiff' and 'defendants.' The plaintiff alleged that he held a vendor's lien on a certain tract of land in Colorado County, Texas, and E. P. Krenek was the owner of the land; that during the time he held this vendor's lien, certain proceedings were had in July of 1932, before the commissioner's court of Colorado County, wherein a jury of view was appointed to lay out a road across the land on which plaintiff held his lien. He then alleged that the 'strip of land in controversy has, since the taking thereof, and is now being, maintained as the ———— road, and defendants are now seeking to gravel the same.' That after the road was opened and maintained, his security so depreciated in value that, when E. P. Krenek and his wife conveyed the land to plaintiff on October 28, 1933, in consideration of the cancellation of his indebtedness secured by the vendor's lien, the farm was not of sufficient value to 'meet the demand of plaintiff, the mortgagee.' He then alleged that in February of 1934, the commissioners started gravelling the road, and he asked them to cease putting the gravel on the road, and when they refused, he filed this suit, February 22, 1934, for an injunction, and for $1,000.00 damages against defendant Kickler only, who, he said, was in charge of the placing of the gravel.

"The commissioners and Kickler each filed answers, setting up that the road had been there for so long that it had been acquired as a road by prescription, even if the proceedings mentioned were void. The defendants all urged a general demurrer to the petition, claiming that it showed on its face that the plaintiff was not in possession of the 'strip of land in controversy' at the time the acts complained of were committed, and that the suit was an attempt to substitute the equitable remedy of injunction for the statutory action of trespass to try title. The court sustained the general demurrers, and entered judgment for the defendants. No facts were alleged showing defendant Kickler liable for damages."

The plaintiff prayed in the court below for temporary injunction against the appellees, restraining them from entering upon the land he so described, from grading and gravelling the proposed road through, over, and across such land, and that upon final hearing such injunction be made permanent against them, that he have further judgment for general relief against them all, together with a recovery against Henry Kickler alone for damages in the sum of $1,000

On the appeal he assails the sustaining of the general demurrers and the refusing of any of the relief he so sought below, in substance upon these contentions: (1) That, as the holder of a vendor's or mortgage lien against the land affected, he had the right to maintain the action he so declared upon, since he alleged that his security would be impaired thereby and that his debt was due; (2) that the action of the commissioners' court in so opening, maintaining, and improving the road, involved was void under R.S. arts. 6705 and 6709, because it failed to give the prescribed notice of such opening in the first instance, that the jury of view in the second instance failed to give the notice required of it in the premises, and that both bodies failed to assess the damage to, and require adequate compensation deposited for, the landowners affected thereby; (3) there was shown to be no such public necessity as required the establishment of the road, nor did the conditions requisite under R.S. art. 6711 (as amended by Acts 1930, 5th Called Sess., c. 62, § 1 [Vernon's Ann.Civ.St. art. 6711]) for the establishment of a neighborhood road exist.

The plaintiff's petition is too long and involved to be set out in full, but, after giving it the benefit of all reasonable intendments, it is held to make at least these positive averments:

It sets out in detail how the appellees—acting in their stated official capacities—came into possession of the "strip of land in controversy"; it charges that the commissioners' court had laid out and opened the road after a jury of view had reported thereon, and after notice to the landowners; it adds that the road was established, and by unmistakable recitations it makes plain that the plaintiff at that time was not in possession of such "strip of land in controversy," declaring rather that he was then a mere lienholder out of possession, and that all of these things had been done and completed before the expiration of the year 1932; it does not allege that the appellees had acquired their possession of the tract complained about either by force or fraud, but merely recites that "said strip of land in controversy has, since the taking thereof, and is now being, maintained as the ——— road."

■ It does not declare in trespass to try title for the land, nor is the bill for the injunction in any sense ancillary to such a suit for title, but in view of the fact—as recited supra—that it otherwise unequivocally declares appellant to have been a mere lienholder and out of possession at the time all the complained against acts of the appellees were done, except only the further maintenance of the road it amounted in ultimate effect to an effort to recover title and possession to a public road already in actual use by means of the prayed-for mandatory injunction; plainly, under our authorities, no such use may be properly made of the equitable remedy of injunction. Simms v. Reisner (Tex.Civ. App.) 134 S.W. 278; Rogers v. Day (Tex. Civ.App.) 20 S.W.(2d) 104; James v. Weinstein & Sons (Tex.Com.App.) 12 S. W.(2d) 959; Allen & Yarbrough v. Texas & P. Ry. Co. (Tex.Civ.App.) 7 S.W.(2d) 1102; Jeff Chaison Townsite Co. v. McFaddin, Wiess & Kyle Land Co., 56 Tex. Civ.App. 611, 121 S.W. 716.

■ Not only so, but, after having so affirmatively alleged that all proceedings claimed to violate the statutes he cited had been taken while he was a lienholder, and that the opening of the road across the farm had already caused it to be "not of sufficient value to meet the demand of plaintiff, the mortgagee, at the time of such conveyance," he further likewise averred that on the 28th day of October of 1933 thereafter he had surrendered the mortgage he so formerly held and had taken a deed from the maker thereof to the land, thus having abandoned his lien and accepted such reduced title as the landowner then had, with full notice of the existence of the road at the time and its consequent effect upon the value of the land he got; this voluntary taking of a deed from his mortgagor in settlement of his debt after the county had already opened and was maintaining the road would seem to have amounted to the abandonment of any claim he might otherwise have had—if any at all—from any impairment of his security as a mortgagee, and to have discharged the appellees from any liability to him. Smith v. Frio County (Tex.Civ.App.) 66 S.W. 711.

■ It would seem, further, that no case for individual damages against the appellee Kickler was properly declared upon, in that he was sued only as an employee and agent of the official representatives of the county.

Under the conclusion that the general demurrers were properly sustained, the judgment will be affirmed.

Affirmed.

## On Motion for Rehearing.

On invitation from the court, both sides have obligingly and helpfully presented further arguments and authorities upon the reconsideration; it is again concluded, however, that the original disposition of the cause was correct, and that the holding then made that the trial court did not err in sustaining the general demurrer to the appellant's petition should be adhered to. This mainly upon the consideration that —being an application for injunction—while its definite and unequivocal averments are taken as true on the demurrer, the court will nevertheless consider it in accordance with its general scope and tenor, regardless of isolated averments, subjecting it to a strict construction, and taking its reasonable purport as an entirety strongly against the pleader. 24 Texas Jurisprudence, Injunctions, par. 186, and footnote cited authorities; 32 Corpus Juris, Injunctions, par. 557—f, and footnote cited cases.

Applying these well-settled rules of law to the petition here involved, it is plain that it does not meet the requirements, especially in view of these specific allegations therein, which were commented upon without quotation thereof in our former opinion, which unmistakably declare that the appellant grounded his real cause of action for the writ upon proceedings that had already been taken before he became the owner of the property affected, before he came into possession of it, and before he complained about the road over it, to wit:

"Plaintiff represents to the court that he is now, and has been since on or about the 28th day of October, 1933, the owner of and seized in fee simple and in actual possession and control of the following described tract or parcel of land (here describing by metes and bounds the land over which the road in question was laid out and of which he complains). * * *

"That the road complained of was laid out and established by a Jury of View in July, 1932, and that the report of said Jury of View was filed with the Commissioners' Court of Colorado County, Texas, on August 8, 1932, which report was by the Commissioners' Court on the same day duly adopted and said road as therein recommended established by said court. * * *

"That said strip of land in controversy has, since the taking thereof, been, and is now being, maintained as the ―――― road, and that defendants are now seeking to gravel same and threatening to keep the construction thereof over and across plaintiff's land as hereinafter shown. * * *

"That the said E. P. Krenek, mortgagor, was at the time of the beginning of the purported opening of such road over and across said land aforesaid and has ever since said time been insolvent and unable to pay plaintiff the full amount loaned to him. That the value of said land and premises, at the time of the conveyance of same to plaintiff, under the existing circumstances and *by reason of the establishment and opening of said road over and across same,* was less than the amount due and owing by him, the said E. P. Krenek, to plaintiff, or, in other words, that the said land *by reason of the establishment and opening of said road over same,* was not, at the time of such conveyance, of sufficient value to meet the demand of plaintiff, the mortgagee, and which fact was then and is now well known to defendants, and each of them. * * *

"And that they (appellees) have *heretofore entered* the said premises now owned by plaintiff and torn down the fences and are now grading up the land of plaintiff for such road purposes and have graveled said purported road over and across same for a distance of about 180 feet and about 18 feet wide to a depth of from 6 to 8 inches, over the protest and objections of plaintiff. * * *

"Plaintiff further represents to the court that, on or about the 16th day of February, A.D.1934, and immediately after learning of the work and graveling being commenced on said strip of land in controversy, he, plaintiff, requested and directed the defendant, who was then in charge of said road construction work, and *his employees,* to desist and refrain from carrying on such work, and graveling said proposed road through his, plaintiff's land, as plaintiff did not want his farm ruined with gravel."

The motion for rehearing is overruled.

Overruled.