STATE HIGHWAY COMMISSION v. L. A. REYNOLDS COMPANY AND CONTINENTAL CASUALTY COMPANY.

(Filed 2 February, 1968.)

**1. Appeal and Error § 26—**

An exception to the judgment presents for review whether error of law appears on the face of the record, and this includes whether the facts found and admitted are sufficient to support the judgment.

**2. Eminent Domain § 13;    State § 4—**

Where private property is taken for a public purpose by a governmental agency having the power of eminent domain under circumstances such that no procedure provided by statute affords an applicable or adequate remedy, the owner, in the exercise of his constitutional right, may maintain an action of "inverse condemnation" to obtain just compensation therefor.

**3. Highways § 7—**

A contractor employed by the Highway Commission cannot be held liable by the owner of land for damages resulting from the construction of a highway in strict compliance with the contract with the Commission, the Commission being primarily liable for damages resulting from the exercise of eminent domain, but the contractor may be held liable for damages resulting from negligence in the manner in which he performs the contract.

**4. Same—    Highway contractor cannot be liable for damages in absence of negligence.**

The Highway Commission brought action against a contractor to recover for compensation paid to the owner of a building damaged by the contractor in the construction of a highway for the Commission. The contract between the parties provides that the contractor indemnify the Commission for all claims of damages sustained as a result of the contractor's performance. The stipulated facts are to the effect that the contractor constructed the highway in strict compliance with the specifications of the Commission and under the supervision of Commission employees. *Held:* It was not contemplated by the parties that the contractor, in the absence of negligence on his part proximately causing damage, would be liable for sums paid by the Commission in discharge of its primary liability, and the ruling of the trial court denying recovery by the Commission is without error.

**5. Contracts § 12—**

　　A contract must be construed with regard to the intention expressed by the language of the parties, the subject matter, the end in view, the purpose sought, and the situation of the parties at the time.

APPEAL by plaintiff from *Gambill, J.,* March 27, 1967 Session of FORSYTH.

The State Highway Commission instituted this action November 13, 1964, against the contractor (Reynolds) and its surety (Continental) on a highway construction contract and bond dated February 27, 1962, relating to the building of the roadway and structures for 4.37 miles of road on relocated U. S. Highway No. 52 in Forsyth County according to plans and specifications for Project 8.17374.

The Commission's action is to recover the amount it paid ($69,737.52) to satisfy a judgment the landowners obtained on September 5, 1963, against it in the condemnation proceeding entitled, *"State Highway Commission v. W. L. Money and wife, Maxine B. Money, et al.," "*for damage to their *building* after the original taking." (Our italics.)

The Money property is within the acute angle formed by the convergance of *old* U. S. Highway No. 52 and N. C. Highway No. 8 The Ed Banner Restaurant building was located thereon. Access to the front was from *old* U. S. No. 52. Access to the back was from N. C. No. 8.

The Commission instituted the condemnation proceeding on December 29, 1961, (1) to acquire a perpetual right of way over a strip of land at the back of the Money property approximately thirty feet wide and adjoining the then right of way of N. C. Highway No. 8, and (2) to acquire certain rights with reference to control of access to and from the Money property. In their answer, the Moneys alleged they were entitled "to just compensation for the part of their property taken by the plaintiff and . . . to full damages to the remainder of their land" on account of said taking.

On November 19, 1962, the Moneys, by leave of court, filed an amendment to their answer in which they alleged that road construction operations on the property the Commission was condemning in this proceeding, but outside the portion of the Money property on which said building was located, had so damaged the building as to constitute a taking thereof for which they were entitled to just compensation. They alleged the building was undermined, shaken and shattered by the waters of a creek diverted by the construction of a fill, and by vibrations caused by the operation of bulldozers and other earth-moving equipment, etc., to such extent the building had become unfit for use. On November 19, 1962, an order was entered by Gambill, J., directing the clerk to appoint commissioners to

"appraise the damages to the lands . . . and said restaurant build-
ing thereon by reason of the taking of the land and damage to the
building . . ."

Upon trial in the superior court before Fountain, J., at July 1963
Civil Term, the jury, answering the first issue, assessed the land-
owners' damages at $10,000.00 "for the taking of the easement of
right of way across their lands as set out in the proceedings herein
on December 29, 1961," and, answering the second issue, assessed at
$65,200.00 the damages the landowners were entitled to recover "for
damage to their building after the original taking." Judgment in ac-
cordance with the verdict was entered. The present appeal relates
solely to the amount the landowners recovered "for damage to their
building after the original taking." Nothing in the record indicates
whether the Commission objected to any of the orders, proceedings,
submission of issues, etc., in the condemnation proceeding. It did not
appeal from the final judgment.

Neither Reynolds, the contractor, nor Continental, its surety, was
a party to the condemnation proceeding or participated therein.

In its complaint herein, the Commission alleged that the Money
restaurant property was damaged substantially in the manner al-
leged by the landowners in said condemnation proceeding and that
such damage was caused by the operations of Reynolds pursuant to
its contract with the Commission.

The Commission bases its action on the italicized portions of Sec-
tion 7.14 of the "North Carolina State Highway Commission, Ra-
leigh, Standard Specifications for Roads and Structures, April 1,
1959," which by reference is incorporated into and constitutes a
part of said construction contract of February 27, 1962, and on the
italicized portions of the "Contract Bond," set forth below.

Section 7.14 of said Standard Specifications provides: "7.14 RE-
SPONSIBILITY FOR DAMAGE CLAIMS. *The contractor shall indemnify
and save harmless the Commission, its officers, and employees, from
all suits, actions, or claims of any character brought because of any
injuries or damages received or sustained by any person, persons, or
property on account of the operations of the said contractor;* or on
account of or in consequence of any neglect in safeguarding the work;
or through use of unacceptable materials in constructing the work;
or because of any act or omission, neglect, or misconduct of said con-
tractor; or because of any claims or amounts recovered from any in-
fringements of patent, trade-mark, or copyright; or from any claims
or amounts arising or recovered under the 'Workmen's Compensation
Act,' or any other law, ordinance, order, or decree; and so much of
the money due the said contractor under and by virtue of his con-
tract as shall be considered necessary by the Commission for such

purpose, may be retained for the use of the State; or, in case no money is due, his surety shall be held until such suit or suits, action or actions, claim or claims for injuries or damages as aforesaid shall have been settled and suitable evidence to that effect furnished to the Commission; except that money due the contractor will not be withheld when the contractor produces satisfactory evidence that he is adequately protected by the public liability and property damage insurance." (Our italics.)

The "Contract Bond" provides: "Now Therefore, the conditions of this obligation are such, that if the above bounden 'Principal,' as Contractor, shall in all respects comply with the terms of the contract and conditions of said contract, and his, their, and its obligations thereunder, including the specifications and plans therein referred to and made part thereof, and such alterations as may be made in said specifications and plans as therein provided for, and shall well and truly, and in a manner satisfactory to the Chief Engineer or his authorized representative, complete the work contracted for, and shall save harmless the State Highway Commission of North Carolina from any expense incurred through the failure of said Contractor to complete the work as specified, and from any damage growing out of the negligence of said Contractor, or his, their, or its servant, and from any liability for payment of wages or salaries due or for material furnished said Contractor, and shall well and truly pay all and every person furnishing material or performing labor in and about the construction of said project all and every sum or sums of money due him, them, or any of them, for all such labor and materials for which the Contractor is liable; *and also shall save and keep harmless the said State Highway Commission of North Carolina against and from all losses to it from any cause whatever,* including patent, trade-mark and copyright infringements in the manner of constructing said project, then this obligation shall be void; otherwise it shall be and remain in full force and effect." (Our italics.)

The judgment entered by Judge Gambill recites that, at a pretrial conference, the facts were stipulated as set forth in the findings of fact appearing in the judgment, and thereupon defendants moved for judgment on the pleadings and stipulations. The court granted defendants' said motion and entered judgment as set forth below.

The findings of fact set forth in the judgment include the factual matters narrated above and in addition the following:

"(12)   That any damages to the restaurant building brought about by reason of the construction project were caused by the operation of the contractor, L. A. Reynolds Company, in the construction of

the highway, pursuant to the contract and specifications attached hereto as Exhibit A and according to the plans. . . .

"(13) That any damages to the restaurant building owned by Mr. and Mrs. Money occurring during the construction undertaken by L. A. Reynolds Company pursuant to the contract arose out of the ordinary and customary use of standard and accepted machinery and road-building equipment used in the work in accordance with standard and accepted methods and techniques in the road construction industry; that any such damages did not result from blasting operations.

"(14) That the State Highway Commission Resident Engineer and two inspectors, employed by the State Highway Commission, supervised the construction of the project to see that the project was constructed according to plans and specifications and to pay the contractor according to the work performed. The State Highway Commission did not reserve the right to specify the types of equipment, the use of the equipment, nor the methods and techniques used in the construction of the project."

The court, based on said findings of fact, concluded as a matter of law that plaintiff was not entitled to recover. Accordingly, the court entered judgment dismissing the action and taxing plaintiff with the costs. Plaintiff excepted to the court's conclusions of law and to the judgment and appealed.

*Attorney General Bruton, Deputy Attorney General Lewis, Trial Attorney Smith and Associate Attorney John R. Surratt for plaintiff appellant.*

*Hudson, Ferrell, Petree, Stockton, Stockton & Robinson and W. F. Maready for defendant appellee L. A. Reynolds Company.*

*Blackwell, Blackwell, Canady, Eller & Jones for defendant appellee Continental Casualty Company.*

BOBBITT, J. Plaintiff did not except to any of the court's findings of fact. Indeed, the judgment recites these facts were "judicially stipulated." Plaintiff's assignments of error are based solely on its exceptions to the court's conclusions of law and judgment.

"An exception to a judgment raises the question whether any error of law appears on the face of the record. This includes the question whether the facts found and admitted are sufficient to support the judgment, . . ." *Moore v. Owens,* 255 N.C. 336, 121 S.E. 2d 540; 1 Strong, North Carolina Index 2d, Appeal and Error § 26.

Facts established by findings (12), (13) and (14), quoted in our preliminary statement, may be summarized as follows: Reynolds' operations were conducted pursuant to and in accordance with its contract with the Commission and under the supervision of the Commission's resident engineer and two inspectors. Whatever damage was done to the restaurant building arose out of the ordinary and customary use by Reynolds "of standard and accepted machinery and road-building equipment used in the work in accordance with standard and accepted methods and techniques in the road construction industry."

There is no allegation or contention that Reynolds' operations were conducted in a negligent manner. Plaintiff bases its case entirely on what it contends to be the contractual obligations of defendants.

The Commission, in the proceeding instituted by it, did not seek to condemn any portion of the land on which the restaurant building was located. The landowners, in their "Amendment to Answer," asserted the damages to their building resulting from highway construction work in the area constituted a taking of their building for highway purposes. Thus, the landowners' claim for compensation for the taking of their building was a new action of the nature now denominated "inverse condemnation." With reference to the building, the landowners recovered on the ground the Commission, having taken their property by virtue of its right of eminent domain, was obligated to pay just compensation therefor.

The doctrine of "inverse condemnation," as established in this jurisdiction, is as follows: Where private property is *taken* for a public purpose by a governmental agency having the power of eminent domain and no procedure provided by statute affords an applicable or adequate remedy, the owner, in the exercise of his constitutional rights, may maintain *an action* to obtain just compensation therefor. *McKinney v. High Point,* 237 N.C. 66, 74 S.E. 2d 440; *Eller v. Board of Education,* 242 N.C. 584, 89 S.E. 2d 144; *Sale v. Highway Commission,* 242 N.C. 612, 89 S.E. 2d 290; *Cannon v. Wilmington,* 242 N.C. 711, 89 S.E. 2d 595; *Rhyne v. Mount Holly,* 251 N.C. 521, 112 S.E. 2d 40; *Insurance Co. v. Blythe Brothers Co.,* 260 N.C. 69, 131 S.E. 2d 900; *Midgette v. Highway Commission,* 260 N.C. 241, 132 S.E. 2d 599; *Charlotte v. Spratt,* 263 N.C. 656, 140 S.E. 2d 341; *Sherrill v. Highway Commission,* 264 N.C. 643, 142 S.E. 2d 653.

Whether the landowners' said "inverse condemnation" action was a proper cross action in the Commission's condemnation proceeding is not presented. In this connection, see *Charlotte v. Spratt, supra.*

Suffice to say, the landowners' said action was pleaded and prosecuted to final judgment.

Although the Commission was obligated to the landowners for the taking of their restaurant building as determined by final judgment, the facts found by Judge Gambill and set forth in the judgment fail to disclose any obligation of Reynolds to the landowners for whatever damage was done to their building on account of its operations.

While not necessary to decision of the precise question then presented, this Court, in opinion by Ervin, J., in *Moore v. Clark*, 235 N.C. 364, 70 S.E. 2d 182, said: "A contractor who is employed by the State Highway and Public Works Commission to do work incidental to the construction or maintenance of a public highway and who performs such work with proper care and skill cannot be held liable to an owner for damages resulting to property from the performance of the work. The injury to the property in such a case constitutes a taking of the property for public use for highway purposes, and the only remedy available to the owner is a special proceeding against the State Highway and Public Works Commission under G.S. 136-19 to recover compensation for the property taken or damaged. *Yearsley v. W. A. Ross Const. Co.*, 309 U.S. 18, 60 S. Ct. 413, 84 L. Ed. 554; *Burt v. Henderson*, 152 Ark. 547, 238 S.W. 626; *Marin Municipal Water Dist. v. Peninsula Paving Co.*, 34 Cal. App. 2d 647, 94 P. 2d 404; *Maezes v. City of Chicago*, 316 Ill. App. 464, 45 N.E. 2d 521; *Moraski v. T. A. Gillespie Co.*, 239 Mass. 44, 131 N.E. 441; *Garrett v. Jones*, 200 Okl. 696, 200 P. 2d 402; *Svrcek v. Hahn* (Tex. Civ. App.), 103 S.W. 2d 840; *Panhandle Const. Co. v. Shireman* (Tex. Civ. App.), 80 S.W. 2d 461. But if the contractor employed by the State Highway and Public Works Commission performs his work in a negligent manner and thereby proximately injures the property of another, he is personally liable to the owner therefor. *Broadhurst v. Blythe Brothers Co.*, 220 N.C. 464, 17 S.E. 2d 646; *Burt v. Henderson, supra; Moraski v. T. A. Gillespie Co., supra*. See, also, in this connection: 63 C.J.S., Municipal Corporations, section 1259(d)." It is noted that *Moore v. Clark, supra*, was decided prior to the decisions cited above relating to "inverse condemnation."

The statement quoted from the opinion of Ervin, J., in *Moore v. Clark, supra*, is pertinent to decision herein. We adopt it as authoritative in this jurisdiction.

In addition to the decisions cited by Ervin, J., attention is derected to those considered below.

In *Tidewater Const. Corp. v. Manly*, 194 Va. 836, 75 S.E. 2d 500, the landowners alleged the contractor, while engaged in the construc-

tion of a tunnel, had damaged their building by the removal of its subjacent support. It was admitted that the contractor was not guilty of negligence in the construction of the tunnel and that it performed the work thereon strictly in accordance with the plans and specifications embraced in its contract with the Tunnel Commission, a governmental agency vested with the right of eminent domain. A judgment in favor of the landowners was reversed. Whittle, J., for the Supreme Court of Appeals of Virginia, said:

"If this were not the rule (*i.e.*, if the contractor were liable under these circumstances), the State or subdivisions thereof having the power to condemn private property for public use would find it difficult to secure bids from contractors. The contractor's bid is based upon the theory that the public agency has a legal right to submit its plans and specifications for the work to be performed, and that if he performs the work in accordance with the plans and specifications he will incur no liability in the absence of negligence. The public agency and not the contractor is the party clothed with the power of eminent domain, and if there is to be any special or unforeseen liability attached to the exercise of this power then it should be borne by the agency as an incident to the peculiar power.

"This conclusion is amply supported by the authorities. The public agency or corporation causing the land to be condemned or the work to be done is primarily liable for injuries caused by the exercise of the power of eminent domain. *Village of Glencoe v. Hurford,* 317 Ill. 203, 148 N.E. 69; 20 C.J. 845, note 59, 29 C.J.S., Eminent Domain § 195. And this applies to property taken or damaged by a city, county or other political subdivision. *Hulen v. City of Corsicana,* 5 Cir., 65 F. 2d 969, *certiorari* denied 290 U.S. 662, 54 S. Ct. 77, 78 L. Ed. 573; *Coy v. City of Tulsa,* D.C. Okl., 2 F. Supp. 411. A contractor or agent lawfully acting on behalf of a principal to whom the right of eminent domain has been accorded, in making a proposed public improvement, cannot be held personally liable for damages if such improvement is made without negligence on his part. *Yearsley v. W. A. Ross Const. Co.,* 309 U.S. 18, 60 S. Ct. 413, 84 L. Ed. 554, 557; *Burt v. Henderson,* 152 Ark. 547, 238 S.W. 626; *Marin Municipal Water Dist. v. Peninsula Paving Co.,* 34 Cal. App. 2d 647, 94 P. 2d 404; *Bondy v. Utah Const. Co.,* Sup., 23 N.Y.S. 2d 125; *Svrcek v. Hahn,* Tex. Civ. App., 103 S.W. 2d 840; *Panhandle Const. Co. v. Shireman,* Tex. Civ. App., 80 S.W. 2d 461; 29 C.J.S., Eminent Domain, § 195, page 1098, note 41."

With reference to a similar factual situation, Jones, J., in *Valley Forge Gardens v. James D. Morrissey, Inc.,* 385 Pa. 477, 123 A. 2d 888, speaking for the Supreme Court of Pennsylvania, and in accord

with numerous decisions cited, including *Tidewater Const. Corp. v. Manly, supra,* states: "(I)t has been uniformly held that in the absence of negligence or wilfully tortious conduct on the part of an independent contractor, he is not liable for injury to another's property which is caused by the performance of his contract with a governmental instrumentality in accordance with its plans and specifications." Accord: *Myers v. United States,* 323 F. 2d 580; *Wood v. Foster and Creighton Co., et al.,* 191 Tenn. 478, 235 S.W. 2d 1; *Southeast Construction Co. v. Ellis,* 233 Ark. 72, 342 S.W. 2d 485; 40 C.J.S., Highways § 212(b), p. 208.

In our preliminary statement, we quoted provisions of Section 7.14 of the Standard Specifications and also provisions of the "Contract Bond." Plaintiff relies on the italicized portions thereof. However, these words must be considered in the context of the entire provision in which they appear. As often stated, "(t)he heart of a contract is the intention of the parties, which is to be ascertained from the expressions used, the subject matter, the end in view, the purpose sought, and the situation of the parties at the time." *Electric Co. v. Insurance Co.,* 229 N.C. 518, 520, 50 S.E. 2d 295, 297. Accord: *Howland v. Stitzer,* 240 N.C. 689, 84 S.E. 2d 167; *Sell v. Hotchkiss,* 264 N.C. 185, 191, 141 S.E. 2d 259, 264.

We agree with the legal conclusions set forth in Judge Gambill's judgment. In our view, and we so decide, it was not contemplated or intended that Reynolds should reimburse the Commission for any amount paid by the Commission in discharge of *its own primary liability;* and that reimbursement was contemplated and intended only in instances in which the Commission was called upon to discharge a liability to which it was subject on account of some wrongful act of Reynolds and for which Reynolds was primarily liable.

Under the factual situation before us, the obligation to the landowners was on the Commission, not on Reynolds. The Commission cannot maintain an action against Reynolds for reimbursement for money paid by the Commission to discharge an obligation for which the Commission was, but Reynolds was not, legally liable.

In view of the conclusions reached, it is unnecessary to discuss the fact that defendants would not be obligated in any event for *the amount of the judgment* the landowners obtained against the Commission. It is simply noted that defendants have had no day in court in respect of *the amount* of the damages to the landowners' building that may have been caused by non-negligent operations of the contractor in the performance of its contract with the Commission.

For the reasons stated, the judgment from which plaintiff appeals is affirmed.

Affirmed.