FALLS SALES COMPANY, INC. v. BOARD OF TRANSPORTATION
v. ASHEVILLE CONTRACTING COMPANY

No. 7629SC514

(Filed 5 January 1977)

1. Negligence § 5— blasting operations — third-party defendant strictly liable for damages

　　The contract between defendant Board of Transportation and third-party defendant contractor specified strict liability, regardless of negligence, by the contractor to the Commission for any damages caused by blasting; therefore, allegation and proof of negligence by

defendant in its action for indemnification against the third-party defendant was unnecessary, and third-party defendant's motions for summary judgment and directed verdict were properly denied.

**2. Compromise and Settlement § 3— offer to make repairs — no offer to compromise disputed claim — admissibility of evidence**

In defendant's third-party action against third-party defendant contractor for indemnification for any amount recovered from defendant by plaintiff for blasting damages, the trial court did not err in allowing a witness of defendant to testify regarding third-party defendant's offer to effect certain repairs on plaintiff's property, since there was no claim to be compromised at the time of third-party defendant's offer to make repairs and the statements did not amount to an offer to compromise a disputed claim, and since the testimony was not prejudicial because the defendant was proceeding at all times on the theory of breach of contract and at no point did it claim that the third-party was liable because of negligence.

Judge VAUGHN dissents.

APPEAL by third-party defendant from *Walker (Ralph A.), Judge.* Judgment entered 2 March 1976 in the Superior Court of HENDERSON County. Heard in the Court of Appeals 16 November 1976.

Plaintiff commenced an inverse condemnation proceeding against defendant alleging, among other things, a taking of plaintiff's property by virtue of rocks and boulders being deposited onto plaintiff's land as a result of blasting. Plaintiff contended that damages to a portion of plaintiff's property outside the easement occurred amounting to a condemnation of additional property for which it was entitled to compensation in the amount of $87,500. Defendant filed an answer and a third-party complaint alleging that any damage resulting from blasting was the responsibility of the third-party defendant, the independent contractor employed by defendant to construct the highway, as a result of Sections 7.11 and 7.14 of the specifications contained in the contract between defendant and third-party defendant, and that defendant was entitled to indemnification by third-party defendant for any amount recovered of it by plaintiff for the blasting damages. Sections 7.11 and 7.14 of the contract are as follows:

> "Section 7.11 Use of Explosives. When the use of explosives is necessary for the prosecution of the work, the contractor shall exercise the utmost care not to endanger life or property. The contractor shall be responsible for any and all damage resulting from the use of explosives."

"Section 7.14 Responsibility For Damage Claims. The con-
tractor shall indemnify and save harmless the Commis-
sion . . . from all suits, actions, or claims of any character
brought because of any injuries or damages received or
sustained by any person, persons, or property on account
of the operations of the said contract; or on account of or
in consequence of any neglect in safeguarding the work; or
through use of unacceptable materials in constructing the
work; or because of any act or omission, neglect, or mis-
conduct of said contractor. . . . "

Third-party defendant moved to dismiss defendant's action
against it on the ground that defendant failed to state a claim
upon which relief could be granted. The motion was denied.
Third-party defendant then filed an answer, and subsequently
an amended answer, asserting as defenses that all blasting was
performed in a prudent, careful, and accepted manner and was
done at the direction of defendant; that indemnification of de-
fendant would amount to unjust enrichment of defendant be-
cause third-party defendant would in effect be purchasing an
additional right of way from plaintiff for defendant; and that
the contract between defendant and third-party defendant was
impossible to perform due to defendant's failure to purchase a
right of way sufficient for third-party defendant to carry out
blasting operations within its boundaries.

Third-party defendant moved for summary judgment and
filed an affidavit of Clarence Zeigler, an explosives expert who
was hired by third-party defendant to supervise the blasting in
question, stating that all methods and procedures used in the
blasting operation in question were approved methods and
procedures used in the trade and that defendant's inspectors
were fully informed as to the procedures to be used in said
operation and made no objection to the use of said procedures.

A hearing on the motion was held at which defendant pre-
sented testimony of Fred Davidson, engineer for defendant, that
after the blasting he and third-party defendant visited the site
of the damages and third-party defendant offered to make cer-
tain repairs. Third-party defendant objected to admission of
this testimony, but the objection was overruled. Third-party
defendant's motion for summary judgment was then denied.

At the pre-trial conference, defendant contended there were
two issues to be determined at trial while third-party defendant

contended there were six issues to be determined, and all parties expressed their opinions that a separation of issues in the case would not be feasible. The court, however, ordered that the causes be separated and that the action between defendant and third-party defendant be tried first. All parties excepted to this order. Third-party defendant also filed a motion seeking an order restricting defendant from offering evidence of any offer made by third-party defendant to repair any damage caused to plaintiff's property by the blasting because such evidence would constitute evidence of an offer of compromise not admissible under the rules of evidence. This motion was denied.

At trial, defendant presented Fred Davidson who testified that he was the defendant's supervisor of the highway project in question; that his responsibility in regard to the blasting was to stake the area but the actual blasting was the responsibility of the contractor; that neither he nor any of defendant's inspectors is an expert in blasting procedures and they normally assume the contractor is knowledgeable about the blasting he is doing; that after the blasting in question he and third-party defendant investigated plaintiff's complaint about damages and third-party defendant offered to effect certain repairs; and that subsequent to this offer plaintiff instituted his inverse condemnation proceeding against defendant. Bart Bryson, defendant's real estate appraiser, testified as to the actual existence and the nature and extent of the damage to plaintiff's property from the blasting. Third-party defendant presented Clarence Zeigler who testified regarding use of approved blasting procedures and the failure of defendant to object to those procedures. At the close of the evidence, both defendant and third-party defendant moved for directed verdicts. The court denied third-party defendant's motion and granted defendant's, finding that defendant was entitled to indemnification under the terms of its contract with third-party defendant, and certified its ruling for immediate appeal by third-party defendant.

Third-party defendant appealed and subsequently moved to set aside the verdict and for a new trial, but the motion was denied, from which denial third-party defendant also appeals.

*Attorney General Edmisten, by assistant Attorney General Guy A. Hamlin, for the State.*

*Adams, Hendon & Carson, by George Ward Hendon, for third-party defendant.*

MARTIN, Judge.

Third-party defendant contends that its motions to dismiss, for summary judgment and for directed verdict, should have been granted. It argues that defendant was required to allege and offer evidence of negligence on the part of the third-party defendant in order to survive those motions but failed to do so. Further, third-party defendant contends that the responsibility for damages contemplated by Section 7.11 of the contract means only such damage for which the contractor might be held liable due to a breach of due care. Third-party defendant points out that all the evidence establishes conclusively that it exercised the utmost care and since defendant failed to allege negligence, third-party defendant's motions should have been granted. As support for its position, third-party defendant cites *Highway Commission v. Reynolds Co.*, 272 N.C. 618, 159 S.E. 2d 198 (1968) and *Millsaps v. Contracting Company*, 14 N.C. App. 321, 188 S.E. 2d 663 (1972), *cert. denied*, 281 N.C. 623, 190 S.E. 2d 466 (1972). We think those cases are distinguishable from the case at bar.

In *Highway Commission v. Reynolds Co.*, *supra*, the Highway Commission brought action against the contractor (Reynolds) for compensation paid to the owner of a building damaged by the contractor in the construction of a highway for the Commission. The trial court in that case found that the contractor's operations were conducted pursuant to and in accordance with its contract with the Commission and under the supervision of the Commission's resident engineer and two inspectors. The trial court further found as a fact that whatever damage was done to the restaurant building " . . . arose out of the ordinary and customary use [by the contractor] of standard and accepted machinery and road-building equipment used in the work in accordance with standard and accepted methods and techniques in the road construction industry; *that any such damages did not result from blasting operations.*" (Emphasis added.)

In *Reynolds* the court was talking about damages arising from the *ordinary* and *customary* use *of machinery* under the supervision of the Commission's resident engineer. It did not involve blasting damages and this fact was noted in the opinion.

In *Millsaps* the property owner brought suit against the contractor for blasting damages to his property, having previ-

ously recovered from the Highway Commission by condemnation proceedings for the identical damage. The court was concerned with the liability of a contractor to a property owner and not the liability of the contractor to the Board of Transportation. Moreover, there was no mention or discussion of any contract provisions dealing with blasting (Section 7.11 of the Standard Specifications) and liability in connection therewith.

[1] Blasting is an ultrahazardous activity, the results of which are impossible to predict. Thus, the Board should have the right to contract for its protection against an unusual hazard. We hold that the contract between defendant and third-party defendant specifies strict liability, regardless of negligence, by the contractor to the Commission for any damages caused by blasting. See *Insurance Co. v. Blythe Brothers Co.*, 260 N.C. 69, 131 S.E. 2d 900 (1963). Thus, allegation and proof of negligence by defendant in its action against the third-party defendant was unnecessary and third-party defendant's motions to dismiss, for summary judgment and directed verdict were properly denied.

[2] The next question presented by the third-party defendant is whether the court erred in allowing defendant's witness Fred Davidson to testify regarding third-party defendant's offer to effect certain repairs on plaintiff's property. It contends the agreement amounted to an offer to compromise a liability, and that such offers are always excluded in order to encourage the settlement of disputes out of court. In support of this argument third-party defendant cited 2 Stansbury, N. C. Evidence 2d, § 180 (Brandis Rev. 1973).

There was no claim to be compromised at the time of third-party defendant's offer to make repairs and the statements did not amount to an offer to compromise a disputed claim. In addition, the testimony was not prejudicial since the State was proceeding at all times on the theory of breach of contract and at no point did it claim that the third-party was liable because of negligence. Thus, it made no difference what the third-party defendant stated to the plaintiff. Moreover, in ruling on the motion for directed verdict, it is presumed that the judge considered only competent evidence in making his determination. This assignment of error is overruled.

Finally, third-party defendant contends the court abused its discretion in severing the third-party action for trial prior to

the trial of the principal action because a determination as to whether or not plaintiff had in fact sustained damages and to what extent should have been made before the determination as to which party would ultimately bear the responsibility for those damages. In view of the numerous issues contended by third-party defendant to be involved in the third-party action, we hold that the court did not abuse its discretion in severing the third-party action from the principal action, and that the third-party defendant was not prejudiced by the severence since it has had, or will have, its day in court on all issues.

The directed verdict in favor of defendant is

Affirmed.

Judge BRITT concurs.

Judge VAUGHN dissents.