HERBERT L. CLARK AND WIFE, BOBBIE C. CLARK v. ASHEVILLE CONTRACTING COMPANY, INC., A NORTH CAROLINA CORPORATION, BAXTER H. TAYLOR AND THE STATE OF NORTH CAROLINA DEPARTMENT OF TRANSPORTATION

WALTER RULE AND WIFE, NANCY RULE v. ASHEVILLE CONTRACTING COMPANY, INC., A NORTH CAROLINA CORPORATION, BAXTER H. TAYLOR AND THE STATE OF NORTH CAROLINA DEPARTMENT OF TRANSPORTATION

WILLIAM E. PFEIFFER AND WIFE, LEIGH PFEIFFER v. ASHEVILLE CONTRACTING COMPANY, INC., A NORTH CAROLINA CORPORATION, BAXTER H. TAYLOR AND THE STATE OF NORTH CAROLINA DEPARTMENT OF TRANSPORTATION

HERBERT F. MOORE AND WIFE, LORETTA MOORE v. ASHEVILLE CONTRACTING COMPANY, INC., A NORTH CAROLINA CORPORATION, BAXTER H. TAYLOR AND THE STATE OF NORTH CAROLINA DEPARTMENT OF TRANSPORTATION

ANGELO G. DOTSIKAS AND WIFE, CATHERINE M. DOTSIKAS v. ASHEVILLE CONTRACTING COMPANY, INC., A NORTH CAROLINA CORPORATION, BAXTER H. TAYLOR AND THE STATE OF NORTH CAROLINA DEPARTMENT OF TRANSPORTATION

ALLEN WALTON YOUNG AND WIFE, BIRGIT YOUNG v. ASHEVILLE CONTRACTING COMPANY, INC., A NORTH CAROLINA CORPORATION, BAXTER H. TAYLOR AND THE STATE OF NORTH CAROLINA DEPARTMENT OF TRANSPORTATION

WINSTON C. LITTLE AND WIFE, LINDA B. LITTLE v. ASHEVILLE CONTRACTING COMPANY, INC., A NORTH CAROLINA CORPORATION, BAXTER H. TAYLOR AND THE STATE OF NORTH CAROLINA DEPARTMENT OF TRANSPORTATION

EDSEL RITTER AND WIFE, NORMA RITTER v. ASHEVILLE CONTRACTING COMPANY, INC., A NORTH CAROLINA CORPORATION, BAXTER H. TAYLOR AND THE STATE OF NORTH CAROLINA DEPARTMENT OF TRANSPORTATION

HARRY GOLDEN AND WIFE, RUTH GOLDEN v. ASHEVILLE CONTRACTING COMPANY, INC., A NORTH CAROLINA CORPORATION, BAXTER H. TAYLOR AND THE STATE OF NORTH CAROLINA DEPARTMENT OF TRANSPORTATION

TANIA ROLLMAN v. ASHEVILLE CONTRACTING COMPANY, INC., A NORTH CAROLINA CORPORATION, BAXTER H. TAYLOR AND THE STATE OF NORTH CAROLINA DEPARTMENT OF TRANSPORTATION

ARTHUR E. JACOBSON, SENIOR WARDEN, ST. LUKE'S EPISCOPAL CHURCH, DAN WALL, JUNIOR WARDEN, ST. LUKE'S EPISCOPAL CHURCH v. ASHEVILLE CONTRACTING COMPANY, INC., A NORTH CAROLINA CORPORATION, BAXTER H. TAYLOR AND THE STATE OF NORTH CAROLINA DEPARTMENT OF TRANSPORTATION

CHARLES CROCKER AND WIFE, MAE CROCKER v. ASHEVILLE CONTRACTING COMPANY, INC., A NORTH CAROLINA CORPORATION, BAXTER H. TAYLOR AND THE STATE OF NORTH CAROLINA DEPARTMENT OF TRANSPORTATION

EUGENE C. SANFORD AND WIFE, PATRICIA G. SANFORD v. ASHEVILLE CONTRACTING COMPANY, INC., A NORTH CAROLINA CORPORATION, BAXTER H. TAYLOR AND THE STATE OF NORTH CAROLINA DEPARTMENT OF TRANSPORTATION

J. ROBERT HUFSTADER AND WIFE, JEAN HUFSTADER v. ASHEVILLE CONTRACTING COMPANY, INC., A NORTH CAROLINA CORPORATION, BAXTER H. TAYLOR AND THE STATE OF NORTH CAROLINA DEPARTMENT OF TRANSPORTATION

WILLIAM L. SUTTON AND WIFE, BETTY A. SUTTON v. ASHEVILLE CONTRACTING COMPANY, INC., A NORTH CAROLINA CORPORATION, BAXTER H. TAYLOR AND THE STATE OF NORTH CAROLINA DEPARTMENT OF TRANSPORTATION

Clark v. Asheville Contracting Co., Inc.

KENNETH W. BROWNELL, JR. AND WIFE, MARGARET SLACK BROWNELL v. ASHEVILLE CONTRACTING COMPANY, INC., A NORTH CAROLINA CORPORATION, BAXTER H. TAYLOR AND THE STATE OF NORTH CAROLINA DEPARTMENT OF TRANSPORTATION

No. 8328SC900

(Filed 28 December 1984)

1. Appeal and Error § 6.2— mandatory injunction—final judgment—immediately appealable

In actions arising from the placing of rock waste from a highway project near and in a subdivision, a mandatory injunction requiring that defendant remove the waste was a final judgment from which there was the right to an immediate appeal, even though the judgment did not award the plaintiffs any damages.

2. Highways and Cartways § 7.2— highway construction—disposal of rock waste—contractor not liable except for negligence

In actions arising from the placing of rock waste from a highway project near and in a subdivision, the court should have dismissed all claims against the contractor except those alleging that agents of the contractor had entered the property, cut trees, and dumped rock without permission of the owners. A contractor with the Department of Transportation which performs work incidental to the construction of a public highway with proper care and skill cannot be held liable to a property owner for damages resulting to the property from the performance of the work.

3. Highways and Cartways § 7.2— highway construction—property damage from disposal of rock waste—motion to dismiss properly denied—restrictive covenants and zoning ordinance violated

A motion to dismiss was properly denied as to the president of a contractor which placed rock waste from a highway project near a subdivision and on two lots the contractor's president had purchased in the subdivision. Plaintiffs' forecast of evidence showed violations of restrictive covenants and a zoning ordinance which would entitle plaintiffs to relief if proven.

4. Highways and Cartways § 7.2— highway construction—disposal of rock waste—issues of fact present as to whether public nuisance created

Summary judgment should not have been granted for plaintiffs in an action arising from the disposal of rock waste from a highway construction project because there were issues of fact as to whether the Department of Transportation created a public nuisance which diminished the value of plaintiffs' property.

5. Injunctions § 3— mandatory injunction—findings as to convenience-inconvenience and comparative injuries should be made

Where there was evidence that performance of a mandatory injunction to remove rock waste would take nine years and cost $13,500,000.00, there should have been findings regarding convenience-inconvenience and comparative injuries to the parties.

APPEAL by defendants from *Lewis, Judge.* Judgment entered 1 January 1983 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 10 May 1984.

This is an appeal in 16 cases brought by property owners in the City of Asheville as a result of land and rock disposal growing out of the Beaucatcher Mountain Highway Project. The plaintiffs brought actions in 16 cases alleging that they own real property in the Mountainbrook Subdivision in Asheville which property was damaged by the action of defendants in placing rock waste materials near their homes. Each of the plaintiffs alleged at least four claims which are: (1) the defendants have created a nuisance; (2) the defendant Taylor violated a restrictive covenant on two lots he owned in Mountainbrook Subdivision; (3) that it was a violation of a zoning ordinance to place the rock waste materials where they were placed; and (4) the defendant Department of Transportation had authorized Asheville Contracting Company, Inc. to perform acts that resulted in the taking of a compensable interest. In four of the actions, the plaintiffs alleged a fifth cause of action, that rock placed on the property of Asheville Contracting and Taylor caused water to flow on the plaintiffs' property to their damage. In three of the cases the plaintiffs alleged a sixth cause of action that the defendants had entered their property and cut trees and dumped rock to their damage. Defendants cross-claimed against each other.

All parties made motions for summary judgment. The court took testimony which showed that when the State constructed a roadway through Beaucatcher Mountain near Asheville, a cut was made through the mountain. The defendant Asheville Contracting Company, Inc. was awarded a contract to remove more than 2,000,000 cubic yards of excess material, mostly granite, and dispose of it off the project site. The contract required that Asheville Contracting Company, Inc. would furnish the off-site waste area. The location of the off-site waste area and the manner in which the waste was to be placed on it was subject to approval by the Department of Transportation. Asheville Contracting Company, Inc. bought land and acquired an easement adjoining the Mountainbrook Subdivision and defendant Taylor, who is the president of Asheville Contracting, bought two lots in Mountainbrook Subdivision. The waste material from the project was put on the property adjoining the subdivision and the two lots owned

by Taylor in the subdivision. The location of the waste disposal site and the manner in which the waste was placed on it was approved by the Department of Transportation. There was evidence from the plaintiffs that the placing of the waste material "considerably raised the level of the land immediately adjoining their properties, blocking view, creating water drainage problems and in general, totalling [sic] changing the character of the neighborhood from a quiet residential area to that of a commercial waste site." There was evidence that 2,400,000 cubic yards of material would have to be removed which would take nine years and cost $13,500,000.00.

The court denied the motions for summary judgment by the defendants. As to the plaintiffs' claims, the court found that there was not a genuine issue as to any material fact, that the acts of the defendants were not for a proper public purpose, and that the plaintiffs are entitled to judgment against the defendants. It found further that the plaintiffs would suffer irreparable harm for which they had no adequate remedy at law unless the nonconforming use of the property is eliminated. It ordered the defendants to remove the waste from the property. It found that a final judgment had been entered as to fewer than all the claims and determined there is no just reason for delay. The defendants appealed.

*Attorney General Edmisten, by Assistant Attorney General Alfred N. Salley, for the North Carolina Department of Transportation.*

*Long, Parker, Payne and Matney, by Robert B. Long, Jr. and David E. Matney, III, for plaintiff appellees.*

*Adams, Hendon, Carson and Crow, P.A., by George Ward Hendon, for defendant appellants Asheville Contracting Company, Inc. and Baxter H. Taylor.*

WEBB, Judge.

[1]   We note first that when the court entered a mandatory injunction requiring the defendants to remove the waste, this concluded the lawsuit. Although the judgment did not award the plaintiffs any damages in accordance with some of their claims, it was a final judgment for which there is the right to an immediate

appeal regardless of whether the superior court made a determination that there is no just reason for delay.

[2] We hold it was error not to dismiss all claims against Asheville Contracting Company, Inc. except the claims in three of the complaints that agents of Asheville Contracting entered their property and cut trees and dumped rock without permission of the owners. The complaints allege Asheville Contracting did certain work pursuant to a contract with the North Carolina Department of Transportation in the construction of a public highway. There is no allegation or proof other than the cutting of trees and dumping of rock on the property of some of the plaintiffs that Asheville Contracting performed its work negligently or not in accord with the contract. When a contractor with the Department of Transportation for work incidental to the construction of a public highway performs such work with the proper care and skill, he cannot be held liable to an owner for damages resulting to property from the performance of the work. *Highway Commission v. Reynolds Co.*, 272 N.C. 618, 159 S.E. 2d 198 (1968); *Moore v. Clark*, 235 N.C. 364, 70 S.E. 2d 182 (1952). The plaintiffs contend this principle does not apply in this case because Asheville Contracting violated a zoning ordinance and restrictive covenants by placing the rock waste as it did. If this is so, the plaintiffs are trying to protect private rights given them by the ordinance and covenants. Whatever claim they may have is against the Department of Transportation for the diminution of their property values.

We believe the three claims that Asheville Contracting cut trees and deposited rocks on the property of the plaintiffs states a claim under which the plaintiffs may prove the company acted outside the contract or was negligent. For that reason, we hold it was not error to deny the motion to dismiss them.

[3] We hold it was not error to deny the motion to dismiss by Baxter H. Taylor. He is not a party to the contract between Asheville Contracting and the Department of Transportation. The plaintiffs have alleged and offered a forecast of evidence which shows he violated restrictive covenants in his deed and a zoning ordinance. If they can prove this, they are entitled to relief.

[4] We hold it was error to allow the motions for summary judgment. The complaints allege claims for inverse condemnation by

the Department of Transportation. Whether the Department of Transportation has by violation of a zoning law, restrictive covenants, or otherwise created a public nuisance which diminishes the value of the plaintiffs' property presents questions of fact about which there is dispute. We believe the evidence as to these facts are in conflict so that the allowance of the motion for summary judgment as to them was error.

[5] Although we reverse and remand as to the Department of Transportation and Baxter H. Taylor on the issue of the propriety of allowing the motion for summary judgment, we will comment on the mandatory injunction by which the defendants were ordered to remove the materials. There was evidence that it would take nine years and cost $13,500,000.00 to remove this material. The court made no findings of fact on this evidence. In determining whether to grant an injunction, the court must consider the relative convenience-inconvenience and the comparative injuries to the parties. *See* 42 Am. Jur. 2d *Injunctions* § 56 (19- -). In this case some findings of fact should be made in this regard before ordering the removal of the material.

Reversed and remanded.

Judges HILL and WHICHARD concur.